CHARLES RAHT, AS EXECUTOR, ETC., OF JULIUS E. RAHT, DECEASED, PLAINTIFF, *v.* HENRY Y. ATTRILL AND OTHERS, DEFENDANTS.

(PROCEEDINGS AS TO SURPLUS MONEYS.)

*Receiver of a corporation — power of the court to direct him to issue certificates to pay wages due to employees — when they cannot be made to affect a prior lien by mortgage.*

Upon an application for the distribution of the surplus moneys arising upon the foreclosure of a mortgage, subject to which the Rockaway Beach Improvement Company had purchased the mortgaged premises, it appeared that after the purchase, and in April, 1880, the company executed a mortgage on the same property to one Soutter, trustee, to secure the payment of 700 bonds of $1,000 each; that in August, 1880, the company having become embarrassed, one Attrill, a large stockholder, brought an action against it, to which neither the trustee of the said mortgage, nor the holders of bonds thereunder, were made parties, praying for the appointment of a receiver and the dissolution of the company. In this action an order was made appointing a receiver, and thereafter *ex parte* orders were made authorizing the receiver to borrow $100,000 to pay wages due the workmen and to issue certificates therefor, which certificates were to be a first lien upon all the property of the company, and have priority over the mortgage to Soutter, as trustee.

*Held,* that there was no principal upon which the claims of employees for labor performed, before the receiver was appointed, could be so extended as to impair or postpone the lien of the mortgage.

*Metropolitan Trust Company* v. *Tonawanda Railroad Company* (103 N. Y., 245) followed.

That affidavits showing that the property was in danger of being destroyed from the passion of unpaid workmen unless such certificates were issued, did not authorize the court to make the order.

That the fact that Soutter was a stockholder and director of the company, as well as the trustee of the bondholders, and that as one of the directors he approved of the orders authorizing the certificates to be issued, did not prove that he, as trustee, consented to violate his duty to the bondholders, even if he could represent them for such a purpose.

APPEAL from an order made at the Kings county Special Term, confirming the report of a referee as to the distribution of certain surplus moneys arising upon a sale under a decree of foreclosure.

In February, 1880, the Rockaway Beach Improvement Company (Limited) was organized under the business corporations' act (Laws 1875, chap. 611). It bought over 100 acres of land at Rockaway Beach, subject to a purchase-money mortgage for $72,000, made by Henry Y. Attrill to one Littlejohn. Littlejohn assigned to Raht, whose executor brought this action of foreclosure. On April 1, 1880, the Rockaway Beach Improvement Company (Limited) executed a mortgage on the same property to William K. Soutter, trustee, to secure the payment of 700 bonds of $1,000 each. Twenty-six of these bonds were disposed of for value, the balance were pledged as collateral for loans to the company. The company became embarrassed, and on August 2, 1880, Henry Y. Attrill, a large stockholder, began an action against the company on behalf of himself and all other stockholders who should unite with him, praying for the appointment of a receiver and the dissolution of the company.

The complaint alleged the organization of the company, February 16, 1880, capital stock, $700,000; the pledging of $700,000, first mortgage bonds, at fifty cents on the dollar, to secure loans to the company; that there was due for materials, $100,000; on contracts for furniture, $130,000; for wages, $60,000; that the men had refused to work; that one-half had left, the others were working on promise of payment; that large sums will be necessary to complete the work; that no provision has been made therefor, nor to meet maturing loans on bonds, which will be sacrificed; that delay ensues, depreciating the value of the property; that plaintiff has been unable to get a statement of the affairs of the company, though willing to assist it by large advances; and feared that a continuance of the then improvident management will result in serious loss to plaintiff and the company; that the hotel and land are the only resource for the payment of the company's debts; that, in its present condition, it is wholly unproductive; that the company is insolvent, or nearly so; that this can only be prevented by intervention of the court and appointment of a receiver, and prays for dissolution of the company and appointment of a receiver. Upon

this complaint alone Mr. Justice DONOHUE made an order, August 2, 1880, appointing John A. Rice receiver of all the property and effects of the Rockaway Beach Improvement Company (Limited) to take possession of and administer the same for the benefit of all concerned. On the 3d of August, 1880, the same judge made an *ex parte* order on the affidavit of Benjamin E. Smith, the general manager of the company, authorizing the receiver to borrow $100,000 to pay wages due the workmen and issue certificates therefor, and, also, to borrow $10,000 to purchase materials necessary to complete the hotel.

The affidavit of Mr. Smith is dated August 3, 1880, and is, in substance, as follows: The company is in process of building a hotel, having nearly 2,000 men employed. Owing to delay in paying, they all, a short time ago, refused to work; one-half left. About 800 were then working under promise of payment; that no provision has been, or can be, made for payment by the company; that if not paid the men will stop work, and this deponent fears a serious disturbance; that it is imperative that the receiver in this cause be authorized to borrow $100,000 to pay the workmen, which can be raised on receiver's certificates. On the 11th of August, 1880, an *ex parte* order was made by the same judge authorizing the issue of receiver's certificates to the amount of $110,000 to be paid to the employees of the company, said certificates to be a first lien upon all the property of the company, and prior to the mortgage to William K. Soutter, trustee. A similar order was made, August 17, 1880, limiting the amount of certificates at $130,000. Under this order Drexel, Morgan & Co., Morton, Bliss & Co., and Hatch & Peters, took $110,000 of receiver's certificates at par for cash, and they have been awarded the surplus moneys arising out of the sale of the mortgaged premises in preference to the holders of bonds secured by the prior mortgage to W. K. Soutter, trustee. The legality of this decision is the question brought up for review. In addition to the papers before the court, and on which alone it acted, the holders of the receiver's certificates sought to sustain their claim by introducing extraneous evidence to the effect that after the appointment of the receiver and the making of the affidavit of August third by Mr. Smith, the workmen were in a state of riot, threatening to fire and destroy the hotel. They refused to take the

receiver's certificates, and mobbed three or four men who had done so; that from this cause the property was in great peril. At a mass meeting of the workmen they consented that a Mr. McDonald should negotiate $110,000 of receiver's certificates, which he subsequently did, to Drexel, Morgan & Co. and the others, as above stated. This evidence was admitted over appellant's objection and forms the basis of a finding in favor of the receiver's certificates as an equitable lien.

*Lewis Sanders* and *Thomas M. Wheeler*, for the bondholders, appellants.

*John L. Cadwalader* and *James B. Ludlow*, for claimants Morton, Bliss & Co., Drexel, Morgan & Co., and W. B. Hatch.

*James McNamee*, for George H. Daley, claimant.

*Clarence D. Ashley*, for Attrill & Marache, holders of receiver's certificates, appellants.

*Edward S. Clinch*, for Robinson & Wallace, mechanics' lienors, and Aaron A. De Grauw, receiver, etc., appellants.

*R. W. Keene*, for defendant, Barbara Edward.

Barnard, P. J. :

One of the principal points involved in this appeal has, since the argument, been decided by the Court of Appeals in the case of *Metropolitan Trust Company* v. *Tonawanda Valley, etc., Railroad Company* (103 N. Y., 245). In that case, as in this, the Special Term made an order that certain receiver's certificates given for labor performed before the appointment of the receiver, should be preferred to a mortgage lien which existed upon the property. The Court of Appeals held that there was no principle upon which the claim of employees for labor performed before the receiver was appointed, could be so extended as to impair or postpone the lien of the mortgage. The Court of Appeals, in its opinion, calls this class of creditors " mere general creditors, with no special equities," as against prior liens.

The present case differs only in this, that instead of an appeal being taken from the order authorizing the certificates, the question is first raised upon the reference as to the distribution of the sur-

plus moneys under the purchase-money mortgage. The appellant claims that the certificates awarded preference on claims "with special equities." The property was in danger from the passions of unpaid workmen, and these certificates were used to prevent its destruction. The Court of Appeals decision seems to have been made upon a different theory. In that case the claim was made that the property had been enhanced by the labor of the workmen which was included in the mortgage. The court says in reply to this, "it is easy to see that under such a plea the lienor might be entirely defeated, and the foreclosure of his mortgage rendered inoperative and useless. Such a result, except upon his consent, the court have no power to sanction.

The next question is whether the order was consented to in such a way as to be a formal estoppel against the mortgage lien. The difficulty here principally arises from the fact that Soutter is at once stockholder and director in the company, and trustee for the bondholders. As one of the directors, he consented to the action to dissolve the corporation, to the appointment of a receiver, and he approved of the orders authorizing the certificates in question. This is fairly inferable, although he denies in his testimony that he knew of the proceedings, except from the publication of the proceedings from time to time in the newspapers. No decree was entered, and as he was trustee there is no consent. When the certificates were authorized the trustee was not a party to the action. To hold, under this inconclusive proof, that the trustee, as trustee, consented to violate his duty to the bondholders under the mortgage, would not be warranted even if the trustees could represent the bondholders for such a purpose. After a careful examination of the case, we think that the weight of authority is not of an order which sets aside liens to the advantage of a general creditor. That it is only the income of the property which courts apply to the payment of current expenses before the mortgage debt is paid. That it is not right to entirely displace the lien. (*Burnham* v. *Bowen*, 111 U. S., 782.)

There were no earnings, and there are no receivers' certificates which have a right of payment before the Soutter mortgage, including the Daily certificates.

The order confirming report should be reversed, and the report

set aside, and order of reference vacated, costs to the trustee appellant out of the fund, and to the respondent on his appeal as to the Daily claim, out of the fund.

DYKMAN, J., concurred.

Order confirming report reversed, and report set aside, and order of reference vacated; costs to the trustee appellant out of the fund, and to the respondent on his appeal as to the Daily claim, out of the fund.