J. D. LARABEE v. W. W. PARKS *et al.*

ATTACHMENT—*Several Orders—Priority of Lien.* When several orders of attachment are issued against the same defendant, and all are executed, their priority of lien is determined by the time of their reception by the sheriff, and not by the order in which he executed them.

*Error from Stafford District Court.*

THE material facts are stated in the opinion. Judgment for *Burnham, Hanna, Munger & Co.*, at the March term, 1887. *Larabee* brings the case here.

*Sayre & Cowgill,* and *Whiteside & Gleason,* for plaintiff in error.

*J. W. Rose,* and *J. D. McFarland,* for defendants in error Burnham, Hanna, Munger & Co.

Opinion by SIMPSON, C.: On the 4th day of November, 1887, a creditor of W. W. Parks caused an attachment to be levied on his stock of merchandise, situated in the town of Stafford. The attachment was levied by a deputy sheriff, at 11:30 A. M., who at once took possession and began an invoice and appraisement. On that same day the plaintiff in error and the defendants in error Burnham, Hanna, Munger & Co., both commenced actions against Parks, and had orders of attachment issued against him. The order of attachment of the plaintiff in error was issued by the clerk and delivered to the attorney about 2 o'clock P. M. The order of attachment of Burnham & Co. was issued by the clerk, and delivered to the attorney a few minutes later. The town of Stafford, where Parks, the debtor, lived, and where his stock of merchandise was located, is distant eleven or twelve miles from St. John, the county seat. The attorney of the plaintiff in error, immediately on the receipt of the order of attachment, started for Stafford and delivered the order to the deputy sheriff, who was there making service of the first order, at 3:45 o'clock P. M. of the same day. The attorney of Burnham & Co. took the order delivered to him to the sheriff's office, at the county seat, and delivered the order to the sheriff of .the county at 2:30 P. M. of said day, who at once telegraphed to his deputy at Stafford that he had received the order. The order of attachment in favor of the plaintiff in error was served on the evening of November 4, and that of Burnham & Co. on the morning of the 5th. Subsequently a receiver was appointed, who, under the orders of the district court of Pratt county, took charge of the attached property, and sold the same and made due report of his proceedings.

The question between plaintiff in error and Burnham,

Hanna, Munger & Co. arises on an application for the distribution of the proceeds of sale by the receiver. It is conceded that the first attaching creditor should be first paid, but the contention between these parties is as to the residue of the proceeds. The question is this: Is the priority of lien determined by the time of the delivery of the order of attachment, or by the time of the levy, in cases in which the property is already in the custody of the sheriff by virtue of prior levies in attachment? Section 196 of the code says: "Where there are several orders of attachment against the same defendant, they shall be executed in the order in which they are received by the sheriff." The mandatory expression of this section is so plain and vigorous, that there can be no reasonable doubt as to the duty of the sheriff. The law fixes the order in which several writs of attachment against the same defendant must be executed. A construction that will allow the sheriff to change the order, by the physical or passive act of levy, cannot be tolerated. There is no question here as to the validity of either lien; the inquiry is one of priority. It must be conceded that if the sheriff had observed the plain requirement of § 196 of the code, the order in favor of Burnham & Co. would have been first executed, but as he disobeyed the law, it is now gravely insisted that the order of attachment last received becomes the first lien by reason of that act of disobedience. It is also suggested that even if the sheriff disobeyed the law, the injured party has his remedy under § 718 of the code. The injured party has more direct and speedy relief by the court declaring that in cases of this character, the sheriff must execute orders of attachment that come into his hands in the order in which they are received by him, and if he does not, and attempts by the levy of a later order, to give its lien priority over a former one, both he and the parties in whose interest he makes the levy, whether with or without an intention to create a preference, must be compelled to observe the mandates of the legislature in this respect. It is the duty of the court to see that its ministerial officers scrupulously observe the commands

of a statute about whose meaning there can be no doubt.
Whatever may be the view of text-writers, or the decision
of other courts construing statutes that do not contain this
provision, the rule in this state as declared by the legislature
is, that where there are several orders of attachment against
the same defendant, their priority must be determined by the
order in which they were delivered to the sheriff.   This rule
the district court of Stafford county enforced.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.