MORITZ PACH, Respondent, v. FRANK T. GILBERT, as Sheriff,
etc., Appellant.

In an action against a sheriff for a failure to return an execution within
sixty days after its delivery to him, proof of the delivery and failure to
return establishes *prima facie* plaintiff's right to recover the full amount
defendant was commanded by the execution to collect.

Where a warrant of attachment has been vacated and a levy thereunder
released, a subsequent restoration of it does not operate to burden the
property levied upon in the hands of a *bona fide* purchaser, or of an
assignee for the benefit of creditors.

In such an action it was conceded that O., the judgment debtor against
whom the execution was issued, did not have, at the date it was issued,
or at any time thereafter, any property out of which it could have been
satisfied. It appeared, however, that a warrant of attachment had
been issued in the action and delivered to defendant as sheriff, who, by
virtue thereof, levied upon sufficient property of the debtor to satisfy
plaintiff's claim. The judge who granted the warrant, on an *ex parte*
application, made an order vacating it and the sheriff thereupon released

the goods from the levy; they were thereafter levied upon by him, by virtue of executions issued upon other judgments against O. The latter, subsequent to such levy, made an assignment for the benefit of creditors. Said order was thereafter, upon application of plaintiff, set aside. The order setting it aside contained this provision: "the lien of said attachment is restored." On appeal to this court the order was modified by striking out this provision and, as so modified, affirmed. While the attachment, the order vacating it and the order setting aside the order of vacation were in his hands, the sheriff sold the property under said executions and the proceeds of sale, which were more than sufficient to satisfy plaintiff's execution, were wholly applied by the sheriff upon the other executions. *Held*, that while the order restoring the vitality of the attachment did not operate to affect or change the rights which the assignee had acquired in the property under said assignment,. yet it gave to the attachment validity in the hands of the sheriff as of the date when it was issued, and it became his duty to apply sufficient of the proceeds of the sale so made by him upon the other executions in satisfaction of plaintiff's execution (Code Civ. Pro. §§ 697, 1406, 1407); that the modification of the order restoring the attachment did not affect plaintiff's rights in this respect; and that, therefore, defendant failed to show in mitigation that plaintiff was not injured by his action.

(Argued March 6, 1891; decided April 21, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made December 9, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*Charles B. Wheeler* for appellant. The answer that the judgment debtor had no property upon which the sheriff could have levied and made the amount of the plaintiff's execution constitutes a good defense to an action to charge the sheriff with damages for a failure to return the execution issued to him within the required sixty days. (*Ledyard* v. *Jones*, 7 N. Y. 551; *Brookfield* v. *Remsen*, 1 Abb. Cas. 211.) The facts, therefore, set up by the answer constitute a perfect defense to the action, unless the fact that the order setting aside the order

vacating the attachment operated to restore the lien of the attachment, which it did not and could not do. (Code Civ. Pro. § 649 ; *Anthony* v. *Wood,* 96 N. Y. 180 ; *Smith* v. *Orser,* 43 id. 132 ; *U. S.* v. *Goff,* 4 Hun, 634 ; *Marshall* v. *McGregor,* 59 Barb. 519 ; *Haggerty* v. *Wilbur,* 16 Johns. 287 ; *Burkhardt* v. *Sanford,* 7 How. Pr. 398 ; *Leonard* v. *Vandenburgh,* 8 id. 78 ; *Colton* v. *Caup,* 1 Wend. 366.) When the warrant of attachment herein was vacated, the sheriff was compelled by law to surrender the property. (Code Civ. Pro. § 709.) The proceedings, therefore, left the defendant, Lizzie Orr, in the complete control of the property with right and power of disposing of the same. (*Greentree* v. *Rosenstock,* 61 N. Y. 583 ; *Anthony* v. *Wood,* 96 id. 180.) Section 1407 of the Code has no application to a case where the circumstances are like those in this case. (Code Civ. Pro. § 713 ; *Rodgers* v. *Bonner,* 55 N. Y. 9, 27.)

*O. O. Cottle* for respondent. The court did not err in refusing the defendant's request for direction of judgment in his favor. (*Corning* v. *Southland,* 3 Hill, 552 ; *Fisher* v. *Pond,* 2 id. 338 ; *Burk* v. *Campbell,* 15 Johns. 456 ; *Brookfield* v. *Remson,* 1 Abb. Ct. App. Dec. 210 ; *Wehle* v. *Connor,* 63 N. Y. 258 ; *Peck* v. *Hurlburt,* 46 Barb. 559 ; *Sandford* v. *Roosa,* 12 Johns. 162.) The defendant's exception to the direction of a verdict in favor of the plaintiff was not well taken. (*Kleinberger* v. *Brown,* 8 N. Y. Supp. 866 ; *Ormes* v. *Dauchy,* 82 N. Y. 443 ; *Dillon* v. *Cockraft,* 90 id. 649 ; *Kirtz* v. *Peck,* 113 id. 222 ; *Kennedy* v. *O. & S. R. R. Co.,* 67 Barb. 169 ; *Mayer* v. *Dean,* 115 N. Y. 559 ; Baylies' Tr. Pr. 230; *Howell* v. *Wright,* 122 N. Y. 667 ; *Tuers* v. *Tuers,* 100 id. 202 ; *Mabie* v. *Bailey,* 95 id. 211 ; *Thompson* v. *Halbert,* 109 id. 329.) The court will not consider any questions not raised by proper exceptions. (*Mayer* v. *Dean,* 115 N. Y. 559 ; *Goodrich* v. *Gebhard,* 21 J. & S. 520.) When the property came into the sheriff's hands under any other process, no formal levy by the sheriff was necessary under the attachment. The fact of his having the attachment was sufficient. The levy

under one process inured to them all. (*Dean* v. *Campbell*, 19 Hun, 534, 536, 537 ; *Peck* v. *Tiffany*, 2 Com. 451, 456, 457 ; *Colton* v. *Camp*, 1 Wend. 365 ; Smith on Sheriffs, 343, 344 ; *Farnsworth* v. *W. U. T. Co.*, 6 N. Y. Supp. 735 ; *Wambaugh* v. *Gates*, 8 N. Y. 144, 146, 147.) Wherever a lien is acquired by a judgment, execution, or otherwise, has been vacated by mistake, or by an irregular or erroneous order or judgment the mistake or error will be corrected, and the person whose lien has been disturbed will regain his original position and rights as against every one who is not a *bona fide* purchaser, or does not stand in a similar relation, by parting with something valuable, relying upon the apparent discharge of the lien. (Code Civ. Pro. §§ 1292, 1323, 2142, 3263 ; *King* v. *Harris*, 30 Barb. 471 ; 34 N. Y. 330 ; *Colton* v. *Camp*, 1 Wend. 365 ; *Slocum* v. *Freeman*, 46 How. Pr. 437 ; *Wardell* v. *Eden*, 2 Johns. Cas. 173, 258 ; *Hackett* v. *Belden*, 40 How. Pr. 289 ; *Suydam* v. *Holden*, 1 Seld. Notes, 170 ; *Sears* v. *Burnham*, 17 N. Y. 445 ; *Hunt* v. *Grant*, 19 Wend. 90 ; *Close* v. *Gillespie*, 3 Johns. 526 ; *Chichester* v. *Cunde*, 3 Cow. 39 ; *Hart* v. *Reynolds*, 3 id. 42, 56 ; *McGuckin* v. *Coulter*, 1 J. & S. 328 ; *Chamberlain* v. *Choles*, 35 N. Y. 479 ; *Withers* v. *Harris* 2 Ld. Raym. 806 ; *Wallace* v. *Bedell*, 105 N. Y. 11.) A judgment creditor, who has obtained his judgment by adverse proceedings, one to whom a judgment has been confessed as security for a precedent debt, or a voluntary assignee for the benefit of creditors, has no equity which will deprive a party of his lien that has been illegaly vacated, if he ultimately reverses or sets aside the judgment or order which set aside his lien. (*King* v. *Harris*, 30 Barb. 475 ; 34 N. Y. 333 ; *Sears* v. *Burnham*, 17 N. Y. 445 ; *Hunt* v. *Grant*, 19 Wend. 91 ; *Chichester* v. *Cande*, 3 Cow. 39 ; *Woodmansel* v. *Rodgers*, 59 How. Pr. 402 ; *Arnold* v. *Patrick*, 6 Paige, 310 ; *Shirley* v. *S. R. Co.*, 2 Edw. Ch. 505 ; *Burlinghame* v. *Robbins*, 21 Barb. 327 ; *Weaver* v. *Barden*, 49 N. Y. 286, 291 ; Story Eq. Juris. § 416 ; *Stalker* v. *McDonald*, 6 Hill, 93 ; *Devoe* v. *Brandt*, 53 N. Y. 462.) The order setting aside the order vacating the plaintiff's attachment restored the attachment *ab*

*initio*, and left the plaintiff's rights under the attachment the same as they would have been had no order vacating it been made. (*King* v. *Harris*, 30 Barb. 474; *Murray* v. *Bedell*, 98 N. Y. 481; *Wambaugh* v. *Gates*, 8 id. 138; *Farnsworth* v. *N. U. T. Co.*, 6 N. Y. Supp. 735; *Hall* v. *Andrews*, 65 N. Y. 572.) Where money has been paid on a judgment which was afterwards reversed, an action lies to recover it back. (*Scholey* v. *Halsey*, 72 N. Y. 578; 24 Wend. 32; 20 N. Y. 306; 29 Barb. 87.) There were no subsequent purchasers or incumbrancers without notice of the plaintiff's warrant of attachment, its levy, and the facts and irregularities entitling the plaintiff to have the order vacating it set aside, leaving it the first process delivered to the sheriff and the first lien. (*Cragie* v. *Hadley*, 99 N. Y. 131.)

PARKER, J. This action is brought to recover of the defendant for failure to return an execution issued upon a judgment in his favor against Lizzie Orr within sixty days after its delivery to him. The delivery of the execution and failure to return it within the time prescribed by statute was admitted, and thus was established *prima facie* the plaintiff's right to recover the full amount which the defendant was commanded by the execution to make out of the property of the defendant therein. (*Ledyard* v. *Jones*, 7 N. Y. 550.)

The defendant in mitigation of damages asserted that it was not possible for him to have collected the amount of the execution or any part thereof out of defendant's property. It is conceded that the defendant did not have, at the date of issuing the execution or at any subsequent time, any property out of which it could have been satisfied in whole or in part. But the plaintiff insists that by virtue of prior proceedings taken in the action there should have been in the hands of the sheriff applicable to the payment of the judgment moneys sufficient for that purpose; that if there was not, it was solely due to the fault of the defendant and, therefore, not available to him in this action by way of mitigation of damages. It appears that on the 30th day of December, 1887, a warrant

of attachment in that action was granted, and on the same day
at 3.40 P. M., delivered to the defendant, as sheriff of Erie
county; he executed the warrant within two hours thereafter
by making a levy on a stock of dry goods belonging to Lizzie
Orr, the defendant; the property so levied on was sufficient to
satisfy the plaintiff's demand; on the same day the judge who
granted the warrant of attachment, on an *ex parte* application,
made an order vacating it; such order was duly served on the
sheriff the same evening, who thereupon and on the day fol-
lowing went to the store of Mrs. Orr and formally released
the goods from the levy made under the attachment. There-
after and until January third, she continued to sell goods from
the store as formerly, and on that day she confessed judgments
in favor of certain creditors, upon which executions were
issued against her property to the sheriff, who, on the fourth
day of January, levied on the stock of goods of the judgment
debtor. Such confessions of judgment were followed by a
general assignment for the benefit of creditors, made by the
judgment debtor, Lizzie Orr, dated January 4, 1888, and
which was duly filed in the county clerk's office on the day
following. January 12, 1888, on motion of the plaintiff in
*Pach* v. *Orr*, an order was made setting aside the order of
December thirtieth, vacating the warrant of attachment, which
order also contained a provision that "the lien of said attach-
ment is restored." This order was subsequently affirmed at
General Term, but on appeal to the Court of Appeals it was
modified by striking out such provision, and as thus modified
affirmed. The Special Term order was, immediately following
the granting thereof, served on the sheriff. While the war-
rant of attachment, the order vacating it and the order set-
ting aside the order of vacation were in his hands, and, on
January sixteenth, he sold the property of the judgment
debtor under the executions issued January fourth. The sum
realized on that sale was more than sufficient to pay the amount
of the execution now in controversy, but the proceeds of the
sale were by the sheriff wholly applied on the executions
issued on the judgments confessed January third. The grant-

ing of the order vacating the attachment followed by the action of the defendant in going to the store and formally releasing the goods from the levy made, operated to destroy all rights which had been acquired by the granting of the warrant of attachment and levy thereunder. Before that order was set aside, other judgment creditors issued executions and caused levies to be made on the property of the defendant, which was followed by a general assignment on her part for the benefit of creditors, and the first contention on the part of the plaintiff is that the order setting aside the first order operated to restore the rights which had been acquired in that property by virtue of the attachment and levy thereunder. It is asserted by the defendant that this question has been passed on by this court adversely to plaintiff's contention. This assertion is founded on the fact that the court modified the order setting aside the order vacating the warrant of attachment by striking out the clause which provided that "the lien of said attachment is restored," and it is urged that this was in effect a determination by this court that it did not rest within the power of the Special Term to restore to the plaintiff the rights lost by the vacation of the warrant of attachment. While this was not necessarily the decision made, it may well have been concluded that the court could grant to the plaintiff on that application no other relief than would be afforded by setting aside the order vacating the attachment, and that the only possible effect of the provision would be to embarrass the intervening rights of third parties, if such there should prove to be. When the warrant of attachment was vacated and the levy thereunder released, the situation of the property was, for the time being, the same as if there had never been a warrant of attachment issued, and a subsequent restoration of that warrant of attachment could not operate to burden the property in the hands of a *bona fide* purchaser, nor become a charge upon it in the hands of an assignee acquiring the property by virtue of a general assignment for the benefit of creditors. Executions become liens on personal property from the time of the delivery thereof to the proper party to be executed.

(Code of Civil Procedure, § 1405.) But no lien is acquired by the granting of a warrant of attachment or by the delivery of the same to the sheriff for execution. The right to subject a debtor's property capable of manual delivery to levy and sale under an execution to be issued on a judgment thereafter to be obtained can only be acquired by the act of the sheriff in taking the property sought to be attached in his actual possession. "No other mode is prescribed. Nothing else will constitute the levy. Until the officer has obtained actual custody he has made no levy, and can make none." (*Anthony* v. *Wood*, 96 N. Y. 180.)

But while we are of the opinion that restoring the vitality of the warrant of attachment did not operate to affect or charge the rights which the assignee had acquired in the property, a question is presented whether it was not the duty of the sheriff under the statute to apply the proceeds realized on the sale under the executions so far as would have been necessary in order to satisfy the execution which is the subject of this controversy.

The effect of setting aside the order vacating the warrant of attachment was to give it validity in the hands of the sheriff as of the date when it was issued. Because of the order of vacation and the act of the sheriff in releasing his levy, the right to retain control of the property and subsequently subject it to sale under an execution to be thereafter issued in such action was lost because in the meantime the title to the property had passed to another.

Therefore, the remaining question is whether it was the statutory duty of the sheriff to give preference in his application of the funds realized from the sale made under the executions to the warrant of attachment first issued to him, notwithstanding the absence of a levy thereunder.

Section 697 of the Code of Civil Procedure provides that "where two or more warrants of attachment against the same defendant are delivered to the sheriff of the same county to be executed, their respective preferences, and the rules, where a levy, or a levy and sale, have been made under a junior

warrant, are the same as where two or more executions against the property of the same defendant are delivered to the sheriff to be executed."

Section 1406 provides that " where two or more executions against property are issued out of the same or different courts of record against the same judgment debtor, the one first delivered to an officer to be executed has preference, notwithstanding that a levy is first made by virtue of an execution subsequently delivered."

Under this section, which is substantially a re-enactment of section 14, part 3, chapter 6, title 5, 2 R. S., notwithstanding a sale be made under a junior execution, the sheriff must first apply the proceeds in satisfaction of the execution first delivered to him, although no levy has been made thereunder. (*Peck* v. *Tiffany*, 2 N. Y. 451; *Patterson* v. *Perry*, 5 Bosw. 518–535; *Atwood* v. *Lynch*, 5 J. & S. 5–11.)

While the first section quoted provides for the order of preference where two or more warrants of attachment are delivered to the sheriff and the second where two or more executions are issued to him, section 1407 makes provision for a situation presented by the delivery to the sheriff of executions and warrants of attachment. It declares that " where there are one or more executions and one or more warrants of attachment, against the property of the same person, the rule prescribed in the last section (1406) prevails in determining the preferences of the executions or warrants of attachment, the defendant in the warrants of attachment being for that purpose regarded as the judgment debtor."

Thus by statute it is made the duty of a sheriff to give preference in the application of proceeds of a sale under junior executions to a prior warrant of attachment although no levy be made thereunder. As the warrant of attachment in question came first into his hands, and the effect of the last order made was to give it vitality as of the date when delivered to him it should have been treated in the application of the proceeds of the sale as if he had neglected to make a levy under it, but had instead levied and sold under executions subse-

quently issued.   This the defendant did not do.   He has, there-fore, failed in his attempt to show in mitigation of damages that the plaintiff was not injured by his action.

The judgment should be affirmed.

BRADLEY, J.   My view is that there was no destruction of the lien of the attachment, but that when the order vacating it was set aside, the lien of the attachment was rendered effect-ual (except as against *bona fide* purchasers or mortgagees) from the time of the levy of it on the goods, notwithstanding the apparent surrender of the custody of them by the sheriff.

I concur in the result.

All concur, BRADLEY, J., in result.

Judgment affirmed.