HENRY F. GILLIG, Appellant, *v.* GEORGE C. TREADWELL COMPANY, Defendant.

HUGH J. GRANT, as Temporary Receiver, etc., Respondent.

ATTACHMENT — PRIORITY.  When two or more warrants of attachment against the same defendant are delivered to the sheriff of the same county, and he makes a partial but insufficient levy under the one first delivered to him and levies the junior warrants upon other and separate property, the levies made under the junior warrants will, after judgment, inure to the benefit of the judgment creditor whose warrant was first delivered to the sheriff. (Code Civ. Pro. §§ 644, 697, 1406, 1407.)

*Pach* v. *Gilbert* (124 N. Y. 612), followed.
*Gillig* v. *Treadwell Co.* (88 Hun, 621), reversed.

(Argued January 6, 1896; decided January 14, 1896.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made July 6, 1895, which affirmed an order of Special Term denying plaintiff's motion to have the property of defendant in the sheriff's hands sold and applied upon plaintiff's execution.

The facts, so far as material, are stated in the opinion.

*J. Murray Downs* and *Robert G. Scherer* for appellant. If personal property of the defendant was levied on by virtue of junior warrants, the sheriff could not levy on the same property a second time, but out of the proceeds of the sale of the property seized he should satisfy the warrant first delivered to him.  (Code Civ. Pro. §§ 644, 697, 1406, 1407; *Van Camp* v. *Searle*, 147 N. Y. 150; *Pach* v. *Gilbert*, 124 N. Y. 620; *Braem* v. *M. N. Bank*, 127 N. Y. 513, 514; *McKay* v. *Harrower*, 27 Barb. 469; 2 R. S. tit. 5, chap. 6, part 3, § 14.)

*Latham G. Reed* for respondent.  The provisions of the Code as to competing attachments and executions are only intended to apply in so far as the warrants of attachment are levied upon the same property.  There is no question of competing attachments when the liens are upon different parcels or

lots. (Crocker on Sheriffs, § 367; Code of Pro. § 232; 8 How.
Pr. 78; Code Civ. Pro. § 1370; *Learned* v. *Vandenburgh*,
7 How. Pr. 379, 380; *Place* v. *Riley*, 98 N. Y. 1; *Lynch* v.
*Crary*, 52 N. Y. 181; Drake on Attachment, §§ 224, 350;
2 Wait's Pr. 177; *Rinchey* v. *Stryker*, 28 N. Y. 45, 54; 31 N.
Y. 140; *Anthony* v. *Wood*, 96 N. Y. 180, 187; *Camp* v.
*Chamberlain*, 5 Den. 198.) The warrant of attachment differs
from execution. (*Learned* v. *Vandenburgh*, 8 How. Pr. 77;
*Ranson* v. *Halcott*, 18 Barb. 56; *Burkhardt* v. *Sandford*, 7
How. Pr. 329; 1 Abb. Ct. App. Dec. 263; *Yale* v. *Matthews*,
12 Abb. Pr. 379; *Burtis* v. *Dickinson*, 81 Hun, 343; *Van
Camp* v. *Searle*, 79 Hun, 143; Crocker on Sheriffs, §' 368;
Code Civ. Pro. §§ 697, 1405, 1407; *Rodgers* v. *Bonner*, 45 N.
Y. 379; *Lynch* v. *Crary*, 52 N. Y. 182; *Marsh* v. *Lawrence*,
4 Cow. 468; *Van Loan* v. *Kline*, 10 Johns. 130; 1 Cow. Trea-
tise, 573; *Stone* v. *Miller*, 62 Barb. 437; *McKay* v. *Harrower*,
27 Barb. 463.) No court has any power to cause the prop-
erty held under Grant's attachment to be sold by any writ or
order other than by the special execution which shall be issued
upon the judgment in Grant's action. (*Van Camp* v. *Searle*,
79 Hun, 139, 143; *Lynch* v. *Crary*, 52 N. Y. 184; *Van Loan*
v. *Kline*, 10 Johns. 130.)

HAIGHT, J. On the eighth day of January, 1894, the
plaintiff brought an action against the defendant, and on the
following day procured an attachment to be issued against its
property, which was on that day delivered to the sheriff of
Albany county to be executed. Three days thereafter the
respondent, Hugh J. Grant, as temporary receiver of the St.
Nicholas Bank of New York, procured an attachment to be
issued against the defendant in an action then pending against
it, in which Grant, as such receiver, was the plaintiff, which
attachment was on that day delivered to the sheriff; and on
the following day another attachment was procured and
delivered to the sheriff in an action in which the National
Spraker Bank of Canajoharie was plaintiff. It appears that
the plaintiff's claim, upon which judgment has been entered,

was for the sum of $14,121.19; that the sheriff levied upon the personal property of the defendant the three attachments delivered to him, but that, instead of making a general levy of any one attachment upon all of the personal property of the defendant, he levied each attachment upon separate, distinct portions thereof and caused the same to be inventoried and appraised; that the property upon which the plaintiff's attachment was levied was appraised by the sheriff at the sum of $11,000; that the property upon which the Grant attachment was levied was appraised at $5,365.15, and that upon which the National Spraker Bank attachment was levied, at the sum of $5,500. It further appears that, after the plaintiff had procured his judgment to be entered, he caused an execution to be issued to the sheriff, under which the property levied upon by virtue of his attachment was sold, bringing only the sum of $6,500, thus leaving a balance remaining unpaid upon his execution of upwards of $8,000. He thereupon called upon the sheriff to sell the remaining property of the defendant held by him by virtue of the levy of the junior attachments and to apply the proceeds upon his execution. This the sheriff refused to do, and thereupon the proceedings now under review were instituted.

It is contended on behalf of the plaintiff that his attachment having been first issued and delivered to the sheriff, he thereby acquired a lien upon all of the property of the defendant subsequently levied upon by the sheriff, either by virtue of his own warrant of attachment, or that of the junior attachments; that his attachment being the first, he obtained a priority over the others. On behalf of the respondent Grant, it is contended that each attachment having been levied upon separate specified property of the defendant, each acquired a lien upon the property levied upon by virtue of his attachment; that the property so separately levied upon must be held by the sheriff and applied only upon the executions issued in the action in which the property had been attached.

The provisions of the Code of Civil Procedure bearing upon the question thus presented are as follows:

"The sheriff to whom a warrant of attachment is delivered may levy, from time to time, and as often as is necessary, until the amount for which it was issued has been secured, or final judgment has been rendered in the action." (Sec. 644.)

"Where two or more warrants of attachment against the same defendant are delivered to the sheriff of the same county, to be executed, their respective preferences, and the rules, where a levy, or a levy and sale, have been made under a junior warrant, are the same, as where two or more executions, against the property of the same defendant, are delivered to the sheriff of the same county, to be executed." (Sec. 697.)

"Where two or more executions against property are issued, out of the same or different courts of record, against the same judgment debtor, the one first delivered, to an officer, to be executed, has preference, notwithstanding that a levy is first made, by virtue of an execution subsequently delivered; but if a levy upon and sale of personal property has been made, by virtue of the junior execution before an actual levy, by virtue of the senior execution, the same property shall not be levied upon or sold, by virtue of the latter." (Sec. 1406.)

"Where there are one or more executions, and one or more warrants of attachment, against the property of the same person, the rule prescribed in the last section prevails, in determining the preferences of the executions or warrants of attachment; the defendant in the warrants of attachment being, for that purpose, regarded as a judgment debtor." (Sec. 1407.)

These provisions were considered in the case of *Pach* v. *Gilbert* (124 N. Y. 612), in which it was held that where the levy had been made by virtue of a junior attachment it inured to the benefit of the judgment creditor whose attachment was first delivered to the sheriff. As it appears to us, that case disposes of the question under consideration. It is true it is distinguishable from this in the fact that no levy had been made upon the senior attachment, and in this case a partial but insufficient levy had been made upon the plaintiff's attachment. We can, however, discover no distin-

guishing features as to the legal aspect of the two cases. The language of the provisions of the Code is clear and unequivocal. It admits of but one interpretation. That has been fully expressed in the case referred to. The policy of the law is to give the creditor the preference to which his diligence entitles him. Whilst an attachment may not become a lien upon the personal property of the defendant until actual levy, as soon as levy is made the lien attaches, and under the provisions of the Code it inures to the benefit of the attaching creditors in the order of their priority, which is determined by the order of the delivery of the attachments to the sheriff. The sheriff is given no option in the matter. If the respondent's contention is correct, a sheriff may make a levy of the senior attachment upon property of but little or trifling value, and then reserve the remainder and the substantial part of the property of the defendant to apply in his discretion upon junior attachments, thus giving the last attaching creditor a preference over the first. This would be in violation of the legislative will and intent, and ought not to be permitted. The failure of the sheriff to levy upon sufficient property to satisfy the plaintiff's execution, leaves the plaintiff, as to the deficiency, in the same position as if no levy had been made, and to the extent of such deficiency he has a right to demand of the junior attaching creditors the priority which the Code has given him.

The order appealed from should be reversed and the motion granted, with costs in all the courts.

All concur, except VANN, J., not sitting.

Order reversed.