THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. THE SCHWARZSCHILD & SULZBERGER COMPANY.

#### No. 9643.

1. JUNIOR ATTACHMENT — *levied by sheriff prior to service of senior, inures to senior's benefit.* It is the duty of the sheriff to levy orders of attachment upon the debtor's property in the order in which he receives them; and if a levy under a junior order is first made, it will not have preference over a senior order, but the levy will inure to the benefit of the creditors whose orders were first placed in the officer's hands.

2. ——— *and levy of senior attachment on property mortgaged for its value, will not displace preference.* A levy of the senior attachment upon other property, which is mortgaged to the extent of its value, will not deprive the senior creditor of the preference which the statute awards him.

Error from Wyandotte District Court. Hon. Henry L. Alden, Judge. Opinion filed April 10, 1897. · *Affirmed.*

*A. A. Hurd* and *Mills, Smith & Hobbs,* for plaintiff in error.

*Miller & Morris,* for defendant in error.

JOHNSTON, J. Involved in this case is the question : Which one of two attaching creditors shall have the preference in the distribution of a fund derived from the sale of attached property?

On April 21, 1893, the Schwarzschild & Sulzberger Company brought an action against Frank E. Tyler

and obtained an order of attachment. At six o'clock P. M. of that day, the order was placed in the hands of the sheriff, who, forty minutes later, levied upon the personal property of Tyler, appraised at $49,538.30. It was soon found that the property levied upon was mortgaged to secure a debt of fifty thousand dollars. On the next morning, at 5:40 o'clock, a levy was made, under that order, on real estate of the appraised value of forty-two thousand dollars, but which was afterward found to be covered by a mortgage of fifty thousand dollars. Three orders of attachment were issued in other cases and placed in the hands of the sheriff; after which, and on April 22, 1893, the Atchison, Topeka & Santa Fe Railroad Company instituted an action against Tyler, and caused an attachment to issue which was placed in the hands of the sheriff. At that time, the sheriff had in his possession four orders of attachment previously issued against the property of Tyler. On the evening of April 22, at the request of the Railroad Company, the attachment issued at its instance was levied upon the contents of four cars, which were in the yards of the Company and which it pointed out to the sheriff; and, in his return, the sheriff declared that, by virtue of that order, he levied upon the property. An inventory of the property was made, and it was appraised at $4,-607.32. On the morning of April 24, at the request of the Schwarzschild & Sulzberger Company, the sheriff declared a levy in its favor upon the same property. The property, being of a perishable character, was ordered by the court to be sold, and it was sold for $2,292. The controversy arises on the distribution of this fund.

Upon the evidence, the court found that the Schwarzschild & Sulzberger Company was entitled to a preference; of which ruling the Railroad Company

complains. Under our Code, orders of attachment are entitled to priority of service in the order in which they are received. Civil Code, § 196. It is also provided that "different attachments of the same property may be made by the same officer, and one inventory and appraisement shall be sufficient, and it shall not be necessary to return the same with more than one order." Civil Code, § 203. It therefore appears that, when several orders against the same defendant are placed in the hands of an officer for service, the statute, rather than the discretion of the officer, fixes the priorities and determines the rights of the claimants. The officer cannot, in such a case, by a mere declaration, or by the writing of a return upon a junior order and a return of an inventory and appraisement therewith, give the junior order priority over an earlier order which he then holds in his possession. The case of *Larabee v. Parks* (43 Kan. 436) practically determines the questions in this case. It was there held that, where several orders are issued against the same defendant and executed, the priority of levy is determined by the time of reception, and not by the order of execution. It was held that the statute prescribing the order of execution is mandatory upon the officer; and that if the sheriff disobeys the law, and attempts by the levy of a later order to give it priority over a former one, the injured party is not compelled to look to the sheriff for a remedy, by amercement or other proceeding, but may apply to the court and obtain the preference which the law gives him.

As the officer has no discretion as to the execution, the levy of one of several orders in his possession on the debtor's property will be deemed to inure to the benefit of the attaching creditors in the order of their priority. An attachment does not become a lien when it is issued; but when several are issued against the defendant

1. Junior attachment inures to senior's benefit, when.

and placed in the hands of the sheriff, as in the present case, and an actual levy is made, a lien then attaches as the law provides.   The officer cannot, by a declaration of levy under a junior attachment, change the rule of the law or give priority over a senior order ; and the court may require the officer's return to be corrected, and may give the benefit to the creditor whose order of attachment was first delivered to the sheriff.   The fact that the order obtained by the Schwarzschild & Sulzberger Company was first levied upon other property of considerable value, will not affect the determination. That which was levied upon appears to have been mortgaged to secure indebtedness which exceeded the appraised value of the property ; and from the return it appears that, when the levies were made, the officer had no actual notice or knowledge of the existence of the mortgages.   If there was nothing left for seizure, or if the property levied upon was insufficient to satisfy their claims, the senior creditors will be deemed to have been in the same position as if no levy had been made, and, to the extent of the deficiency, to have had a right to demand of the junior attaching creditors the preference which the statute awards them.   We think the court ruled correctly in fixing the priorities and in distributing the proceeds. *Larabee v. Parks,* supra ; *Gillig v. Treadwell Co.,* 148 N. Y. 177, 42 N. E. Rep. 590 ; *Pach v. Gilbert,* 124 N. Y. 612 ; *Callahan v. Hallowell,* 2 Bay ( S. C.), 8.

2. Levy of senior attachment will not displace preference.

The judgment of the District Court will be affirmed.