The Bank of Santa Fe etc. v. The Haskell County Bank *et al.*

No. 10623.

1. Res Judicata—*decision on motion is not, in same proceedings, as to execution levy.* As a general rule the doctrine of *res adjudicata* is not applicable to motions; and the fact that, in a contest between attachment and execution creditors, it was assumed and held upon a motion that the execution had been levied upon the property, will not preclude a party from showing in a later stage of the same proceeding, that no levy was in fact made under the execution.

2. CONSTRUCTIVE LEVY—*receipt and indorsement of execution not a, upon property held by an officer under prior levy of attachment.* An officer seized personal property under an order of attachment, and afterward, while the property was in his custody, an execution, based on a judgment against the same defendant, was placed in his hands, on which he indorsed the time of receiving the same. Later, he returned the execution with an indorsement that he found no property liable to satisfy the judgment. *Held,* that the receipt of the execution and the indorsement made thereon did not operate as a constructive levy of the execution on the property already in the custody of the officer. (Johnston, J., dissenting.)

3. DEPOSITIONS—*need not be filed one day before hearing of motion.* Depositions may be treated as affidavits and used in evidence in a hearing upon a motion, although they have not been on file one day before the time of such hearing.

Error from Haskell District Court. Wm. E. Hutchison, Judge. Opinion filed May 7, 1898. *Reversed.*

*Milton Brown,* for plaintiff in error.

*A. J. Hoskinson,* for defendant in error.

JOHNSTON, J. This was an action, brought on March 3, 1894, in behalf of Haskell County against the Haskell County Bank, which had been the public depository of the county, and also against certain sureties, to recover $12,011.25. At the same time, an attachment was issued, under which the property of the Bank was seized. On March 12, 1894, the Bank of Santa Fe obtained in Finney County a judgment against the Haskell County Bank for seven thousand dollars, and within a few days thereafter a transcript of the judgment was filed in Haskell County. Several executions were issued upon this judgment from the District Court of Finney County, which were placed in the hands of the sheriff of Haskell County while he held the custody of the attached property. It is claimed that these executions were levied upon the attached property; but whether there was an actual levy is

disputed, and the contention that the receipt of the writs by the officer while he held the custody of the property was sufficient to constitute a seizure is denied.

The Bank of Santa Fe intervened in the cause and moved to discharge the attachment obtained by the county; but the trial court held that the Bank did not have such an interest as entitled it to contest the validity of the attachment. That ruling was brought to this court for review, and was reversed, with the direction to sustain the motion of the Bank to discharge the attached property. *Bank of Santa Fe v. Haskell Co. Bank*, 54 Kan. 375, 38 Pac. 485. When the mandate went down, the Bank of Santa Fe moved for a discharge of the property, and at the same time asked that the sheriff retain the possession of the property which had been seized under the execution issued out of the Finney County District Court. The court entered a formal order sustaining the motion to discharge the attachment, but directed the sheriff, who had been previously appointed as a receiver, to retain possession of the property until the further order of the court, and held the motion as to the disposition of the attached property for further consideration. After one continuance, the motion for the disposition of the property came on for hearing, and, upon the testimony offered, the court found that no levy of the executions issued upon the judgment of the Bank of Santa Fe had been made and ordered that the property should be returned to the person or persons from whom the sheriff had originally received it.

Several grounds of error are assigned, one of which is that the matter of the levy of the executions upon the personal property subject to the attachment was *res adjudicata*. In the earlier proceedings in the case the parties proceeded upon the theory that the execu-

tions had been levied, and the point in controversy was whether such levy gave the execution creditor standing in court to contest the validity of the attachment. It is to be observed, however, that the inquiries upon the question were in the same proceeding, and that the first one was upon a motion in the case. As a general rule, the doctrine of *res adjudicata* is not applicable to motions; and we do not think that the rulings of the court upon the early motion in the case precluded the parties from showing the actual facts as to the levy and the lien of the Bank of Santa Fe. *Comm'rs of Lyon Co. v. Sergeant*, 24 Kan. 572, and cases cited.

*1. Decision of motion not res judicata, when.*

If the executions issued upon the judgment of the Bank of Santa Fe were not levied upon the property, and if the receipt of the executions by the sheriff while he held the property under the order of attachment did not operate as a constructive levy upon the attached property, then the Bank of Santa Fe had no standing in court, nor any right to question the regularity of the proceedings. The first execution, which appears to have been issued on the same day the judgment was rendered, was not produced, and the return made thereon is a matter of dispute between the parties. On the part of the plaintiff in error it is claimed that the sheriff indorsed on this writ that he held it subject to the levy made by him under the order of attachment; while the defendant in error denies that such an indorsement was made; and the sheriff states that he kept no record of the executions received by him or of the disposition which he made of them. He admitted having received three or four executions, and copies of three of them were produced at the hearing. On the later execu-

*2. Receipt and indorsment of execution not constructive levy, when.*

tions, he indorsed the time when he received the writ, and that he found no goods or chattels liable to satisfy the judgment. He testified that he never levied any of the executions on the property of the Haskell County Bank and never made any return showing that such a levy had been made. Assuming this to be true, we have the question whether the receipt of the writs by the sheriff operated as a constructive levy upon the property which he held under another writ. A majority of the court hold that something more is required, and that there must be some act of the officer professing or indicating his purpose to hold the property under the second or subsequent writs.

The statute provides that goods and chattels shall be bound from the time they shall be seized in execution. Civil Code, § 444. There was no overt act of seizure, and, according to the return of the sheriff, there was no such mental act, or intention to levy or hold the property under the execution. He did not profess or assume control of the property under the writ, but, on the other hand, his return indicates that he did not intend to make any levy or to hold the property by virtue of the execution. From the return of the sheriff on the attachment writ, he had property subject to levy under the executions which were placed in his hands ; hence his returns are contradictory, and those made on the executions untruthful. We all agree that it was the duty of the sheriff to levy the executions upon the attached property, but a majority hold that the receipt of the writs and the indorsement of the receipt upon them do not constitute a levy, and that in such a case the execution creditor cannot hold the property, but must resort to his remedy against the officer.

The writer is of the opinion that the sheriff, having

seized the property upon attachment and reduced it to possession, then had it in the custody of the law; and that the subsequent receipt of the other writs operated as a constructive levy upon the property, and no further actual seizure was required. In that provision of the Code relating to the matter of priority of executions, it is made the duty of the officer to indorse on every writ the time when he receives the same. When the executions were received by the sheriff, and he had indorsed thereon the time of receiving the same, the execution creditor acquired a lien on the property subject to the prior attachment lien. The sheriff could not defeat this lien, either by mistake or design, because the property having been reduced to his possession and *in custodia legis*, no other or further act of seizure was necessary. If another order of attachment had been placed in his hands after the receipt of the execution, would it be contended that the mere failure of the sheriff to indorse on the executions that a levy had been made would defeat the lien of the execution debtor or give priority to the later attachment? We have already held that where several writs against the same defendant are placed in the hands of an officer for service, the law, and not the discretion of the officer, fixes the priorities and determines the rights of the claimants; and that the officer cannot, by writing a return upon a junior order, give it priority over an earlier one which he then held in his possession. When parties have done what they can, and have placed the writs in the hands of the sheriff, the law comes in and determines the effect; and the officer cannot, either mistakenly or designedly, deprive parties of the rights or preferences which the law awards them. *Larabee v. Parks*, 43 Kan. 436, 23 Pac. 598; *Railroad Co. v. Schwarzchild Co.*, 58 Kan. 90, 48 Pac. 591.

In Freeman on Executions, 267, it is said : "When goods are held under one writ, they are also held under later writs that may come to the hands of the same officer. The mere receipt of a second execution operates as a levy on the property already in the officer's hands under a former writ. No other nor further act of seizure is necessary." ( See cases there cited ; 8 Encyc. of Pleading and Practice, 554, and cases cited.) The writer is therefore of opinion that, when the attachment was set aside, the Bank of Santa Fe held a lien upon the property in the custody of the officer, and that the same should have been sold to satisfy its judgment.

An effort was made, however, to show, as a matter of fact, that a levy was actually made by the sheriff upon the first execution and a return of such levy indorsed thereon. Depositions containing testimony tending to establish this claim were offered in evidence, and rejected by the court. Such evidence was competent and material ; for, if the execution was levied, the plaintiff in error was entitled to have the property subjected to the payment of its judgment. The depositions were excluded upon an objection that they were not on file one day before the hearing. The Code provides that "every deposition intended to be read in evidence on the trial must be filed at least one day before the day of trial" (Civil Code, § 361) ; but this limitation applies to the trial of causes, and not to mere hearings on motions. As the depositions were offered upon the hearing of a motion, they should have been treated as the affidavits of the parties and received in evidence in support of the claim of the plaintiff in error. *Hanna* v. *Barrett*, 39 Kan. 446, 18 Pac. 497.

3. Depositions need not be filed, when.

For this error in excluding testimony, the judgment

will be reversed and the cause remanded for further proceedings.

Johnston, J., dissenting from the second paragraph of the syllabus and the corresponding part of the opinion.