(57 App. Div. 524.)

## CLARK v. SMITH.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1901.)

1. SHERIFFS AND CONSTABLES—FAILURE TO LEVY EXECUTION—ACTION FOR—DEFENSES.

Plaintiff's prior attachment was vacated and declared subordinate to a second attachment against the same defendant, but subsequently such vacation was set aside on appeal. No stay of proceedings pending such appeal was obtained, and the sheriff, without notice of the pendency thereof, in good faith and in accordance with the decision setting aside the first attachment, sold the property and distributed the proceeds under the second attachment. Held, that he was not liable to plaintiff for the amount of his execution.

2. SALE ON SECOND ATTACHMENT—REVIVAL OF FIRST—RESALE.

The reversal of the order vacating the first attachment does not authorize a resale of the property, the sale under the execution issued on the judgment recovered in the second attachment suit having been regularly made.

Appeal from trial term, Yates county.

Action by Isaac C. Clark against John W. Smith, as sheriff, to recover the amount of an execution placed in his hands. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

J. K. Smith, for appellant.
William H. Fiero, for respondent.

LAUGHLIN, J. On the 20th day of February, 1897, an attach-ment was delivered to the defendant, as sheriff of Yates county, in favor of the plaintiff herein, in an action brought against one Champlin. Subsequently and on the same day a second attachment was issued and delivered to the sheriff in an action brought by Elisha Champlin against the same defendant. The sheriff levied upon certain personal property of the defendant in the attachment suits in the order of the delivery of the warrants of attachment to him. Judgment was perfected in plaintiff's attachment suit on the 8th of April, 1897, and in the other case on the 10th of May, 1897. On those dates, respectively, executions on such judgments were duly issued and delivered to the sheriff. On a motion duly made by the plaintiff in the second attachment suit, the special term of this court on the 5th day of June, 1897, made an order vacating the warrant of attachment previously issued in favor of plaintiff, "so far as to make it and the levy thereunder void and secondary as to the warrant of attachment granted in the action of Elisha Champlin against Abner G. Champlin February 20, 1897, thereby making the levy under the last-named warrant of attachment prior to the levy under the warrant of attachment in this action; and it is further ordered that any and all liens by virtue of the warrant of attachment aforesaid granted in this action are void and secondary to the liens acquired by and under the warrant of attachment, issued in favor of Elisha Champlin against Abner G. Champlin." And said order was filed in the clerk's office of Yates county on the 2d day of July, 1897. On the 20th day of July, 1897, the sheriff sold the property so levied upon pursuant to the execution in the second attachment suit; and on such sale the greater part of the property was bid off by the plaintiff in that action, and applied to the payment of his judgment, to which other proceeds of the sale were likewise applied. An appeal was taken from the order vacating plaintiff's warrant of attachment, but the record fails to disclose the date of such appeal. It appears, however, that no stay was procured during the pendency of the appeal. On the 15th day of October, 1897, the appellate division reversed the special-term order vacating plaintiff's attachment. After the decision of the appellate division, plaintiff informed the sheriff thereof, and demanded that he proceed with the enforcement of plaintiff's execution. Subsequently this action was brought to recover of the sheriff the amount of plaintiff's execution.

It will be observed that the judgments in the attachment suits were obtained and executions issued thereon in the same order that the attachments were granted, and that, by virtue of the special-term order, plaintiff's attachment and the levy thereunder had been vacated or subordinated to the second attachment and to the lien acquired thereunder prior to the time when the sheriff sold the property under the execution issued in the second attachment suit, and applied the proceeds in payment of the judgment recovered in that action. There is no charge, evidence, or finding of bad faith

on the part of the sheriff.  Plaintiff doubtless could have preserved his rights by obtaining a stay of proceedings pending his appeal, or at least a stay of the distribution of the proceeds of sale.  It is now sought to hold the sheriff liable in damages because he did not withhold the distribution of the moneys realized on the execution sale until the determination of plaintiff's appeal.  For aught that appears, the sheriff had no notice or knowledge of the pendency of such appeal, nor is there any evidence that he was requested to refrain from applying the proceeds of sale as he did.  At the time of the sale by the sheriff he was proceeding regularly and in accordance with the rights of the parties in the attachment suits, as previously adjudicated by the special term of this court.  We think the order of the special term, standing unmodified and in full force at the time of sale and distribution of the proceeds by the sheriff, fully protects him, notwithstanding the subsequent reversal of such order. Plaintiff doubtless has a remedy over against Elisha Champlin, the recipient of such proceeds, but not against the official who merely in good faith performed his duty in accordance with the rights and interests of the parties as determined by the tribunal whose decrees it was his duty to obey.  The reversal of the order would probably have restored the warrant of attachment, had the property not been sold in the meantime and the proceeds distributed; but such reversal could not, in view of these facts, authorize a resale of the property, a sale having been regularly made under the execution issued upon the judgment recovered in the second attachment suit.  Pach v. Orr, 112 N. Y. 670, 20 N. E. 415, modifying 15 Civ. Proc. R. 176, 1 N. Y. Supp. 760; Haebler v. Myers, 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588; Bank of U. S. v. Bank of Washington, 6 Pet. 8, 8 L. Ed. 299; King v. Harris, 30 Barb. 471; Pach v. Gilbert, 124 N. Y. 612, 27 N. E. 391; Gillig v. Treadwell Co., 148 N. Y. 177–180, 42 N. E. 590.

The facts, therefore, fail to establish any liability upon the part of the sheriff, and the recovery against him is erroneous.  It follows that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.