Nathaniel T. Helman, J.
Milton Bliss, an attaching creditor in a separate action against the defendant I. & R. Nagler, heretofore applied to this court for an order directing the Sheriff of the City of New York, New York County Division, to pay over to him the proceeds of a levy made by the Sheriff on behalf of Claar Bros. Inc., the plaintiff in this action. The court rendered its decision on August 8, 1962 establishing Bliss’ priority of lien on the authority of section 960 of the Civil Practice Act and Gillig v. Treadwell Co. (148 N. Y. 177).
Thereafter, an order was entered on August 27, 1962, directing the Sheriff to pay to Bliss the sum of $3,734.02, the amount alleged to have been collected by the Sheriff under the Claar attachment.
The Sheriff was further directed to turn over to Bliss such additional sums as he might thereafter collect under the Claar attachment, until the additional sums so collected and turned over to Bliss reached the amount claimed by Bliss to be due from one Vaillant to Nagler under Claar’s attachment.
Plaintiff now seeks permission to reargue the original motion. Re argument is granted and the original decision of the court is recalled.
It appears that Bliss filed a warrant of attachment with the Sheriff of New York Cóunty Division on September 7,1961. The Sheriff proceeded to make a levy on property of the debtor found in the hands of third persons indebted to Nagler. Bliss, as an attaching creditor, was not in a position to procure in rem jurisdiction over the defendant. This he proceeded to do by commencing an action in Nassau County.
*543 Judgment in that action was entered in that county on February 2, 1962. The judgment obtained therein against an absent resident being in rem could be directed only as to property against which a levy had been effected before judgment was rendered (McCarthy v. Culkin, 254 N. Y. 328).
It appears that the levy made under the Bliss attachment lapsed because more than 90 days had expired since the original levy. No extending order had been secured nor had an action in aid of the attachment been commenced within the 90-day period (Civ. Prac. Act, § 922; Nemeroff v. National City Bank of N. Y., 262 App. Div. 145). If Bliss had procured an extending order prior to the entry of his judgment, then the levy would have continued subsequent to the date of judgment, for a levy made during the lifetime of the warrant continues beyond judgment (Castriotis v. Guaranty Trust Co. of N. Y., 229 N.Y. 74).
When Bliss entered his judgment on February 2, 1962, the warrant (as distinguished from the levy) merged in the judgment and no further or future levies could be made under that warrant (Civ. Prac. Act, § 912).
It further appears that while the Bliss proceedings were pending, the plaintiff, Claar Bros. Inc., filed a warrant of attachment with the Sheriff of New York County Division on October 5, 1961, against the defendant. The Sheriff thereupon made levy against one Charles Vaillant as a third person indebted to the defendant herein. It is conceded that the Sheriff collected money pursuant to the latter levy, to which Bliss now lays claim. As was pointed out in the original decision of this court, Bliss had prior rights to any funds in the hands of the Sheriff under Claar’s junior levy, provided that levy was valid and effective. However, Claar’s levy under his warrant of attachment had likewise become void by reason of his failure to renew the same within 90 days as provided in section 922 of the Civil Practice Act. So that any rights which Bliss may have had to collect under Claar’s levy expired on January 4, 1962, when the Claar levy became void.
Although the Sheriff was in no position to enforce either levy beyond January 4, 1962, Vaillant continued to make voluntary payments which the Sheriff received and accepted since both warrants were still valid. Bliss, therefore, was still in a position to benefit by the Claar warrant until February 2, 1962. When, however, the Bliss warrant became merged in the judgment of February 2, 1962, his right to collect under the Claar attachment ceased and terminated since Claar no longer had a valid levy.
*544 It is further urged by Bliss that -a letter sent by Vaillant to the Sheriff on October 12, 1961 (Exhibit “ B ”) constituted an “ assignment ” pursuant to subdivision 2 of section 922 of the Civil Practice Act and that he therefore was not required to obtain an extension of time or bring an action to reduce the proceeds to possession. The court views this letter as a mere acknowledgment of indebtedness and not as an assignment within the contemplation of the provision of the Civil Practice Act.
The Sheriff collected $1,723.94 up to January 4, 1962, when the Claar levy was valid. He collected an additional $416.64 by .the voluntary payments made by Vaillant up to February 2, 1962, when the Bliss warrant merged in the judgment. In light of all the circumstances of this case, Bliss is not entitled to any funds thereafter paid voluntarily by Vaillant to the Sheriff. The Sheriff is therefore directed to pay Bliss the sum of $2,140.58.