THE METROPOLITAN TRUST COMPANY OF THE CITY OF NEW YORK, Appellant, *v.* THE TONAWANDA VALLEY AND CUBA RAILROAD COMPANY et al., Respondents.

103  245
124  341

Prior to the passage of the act of 1885 (Chap. 376, Laws of 1885), which re- quires a receiver of an insolvent railroad corporation to pay the wages of its employes in preference to other debts, and conceding that said act applies to a receiver appointed in an action to foreclose a mortgage on the property of such a corporation (as to which *quære*), the court had no power to authorize a receiver so appointed to pay or issue his certificates of indebtedness for the payment of labor and services in operating the road prior to his appointment, and to make certificates so issued a lien prior to the mortgage.

Where the plaintiff in such an action has procured the appointment of the receiver with power to control and operate the mortgaged road, he may not object to the depreciation of his security by expenses incurred for that purpose, but he may properly seek to have excluded any previous ones.

By an order issued in such an action the receiver was directed to pay or to issue certificates having a priority of lien over the mortgage to a sum stated for the payment of a sum stated, "for deficiencies for supplies." The referee, upon whose report the order was based, found that the receiver in operating the road had incurred obligations to an amount stated, which was greater than the sum so authorized to be paid. There was no statement in the findings or otherwise as to the consideration or cause of the indebtedness, or to show that the obligations were necessarily incurred. *Held*, that while, as the order directing the receiver to maintain and operate the road was made at plaintiffs' request, it must abide by it, and it might be, as against it the clause providing for such indebtedness should be allowed to stand, as against another mortgagee, who was not a party to the application for a receiver, it could not be sustained.

(Submitted June 15, 1886; decided October 5, 1886.)

APPEAL, by plaintiff and defendant, the Farmers' Loan and Trust Company, from order of the General Term of the Supreme Court, in the fifth judicial department, made April 17, 1886, which affirmed an order of Special Term empowering and directing Bird W. Spencer, as receiver of the defendant, the Tonawanda Valley and Cuba Railroad Company, to issue receiver's certificates, as set forth in the opinion.

This was an action to foreclose a mortgage executed by the Tonawanda Valley and Cuba Railroad Company on its road, property and franchises.

That company was formed by the consolidation of the Tonawanda Valley and another railroad company, the former of which companies had mortgaged its property to defendant, the Farmers' Loan and Trust Company. The new company assumed the unpaid bonds, to secure which said mortgage last mentioned was given. Upon application of the plaintiff Mr. Spencer was appointed receiver *pendente lite.* The order appointing him contained this clause: "That the said receiver, as speedily as the same can be done without prejudice to the property in his hands, may pay all the debts and balances due the laborers heretofore employed by the said defendant for labor and services done or due for supplies furnished in the operation of said railroad, and for which they have a lien, and also the necessary expenses of maintaining, keeping in repair and operating said railroad." The receiver took possession of the road and other mortgaged property and run and operated the road.

Further facts appear in the opinion.

*Thomas G. Hillhouse* and *O. P. Bull* for plaintiff, appellant. The court below erred in authorizing the issue of receiver's certificates of indebtedness having priority over the existing mortgages, for the payment of employes of the railroad whose claims had matured prior to his appointment, or for deficiency for supplies. (*Dunham* v. *Railway Co.*, 1 Wall. 254, 268; *Denniston* v. *C. A. & St. L. R. R. Co.*, 4 Biss. 414; *Galveston R. R. Co.* v. *Cowdry*, 11 Wall. 482; *Duncan* v. *M. & O. R. R. Co.*, 2 Woods, 542; *Jerome* v. *McCarter*, 94 U. S. 734; *Wallace* v. *Loomis*, 97 id. 146, 162; *Brown* v. *Erie R. Co.*, 19 How. Pr. 84; *Vatable* v. *N. Y., L. E. & W. R. R. Co.*, 96 N. Y. 49; *Turner* v. *I., B. & W. R. R. Co.*, 8 Biss. 315; *Fosdick* v. *Schall*, 99 U. S. 235; *Atkins* v. *Petersburgh R. R. Co.*, 3 Hughes' U. S. C. C. 307; *M. & F. Bk.* v. *Ph. & R. R. Co.*, 7 Fed. Rep'r, 379; *Union Trust Co.* v. *Souther*, 107 U. S. 592; *Huidekoper* v. *Locomotive Works*, 99 id. 258, 260; *Burnham* v. *Bowen*, 111 id. 776.)

*Herbert B. Turner* for the Farmers' Loan and Trust Co.,

appellant.    The court erred in authorizing the issue of prior lien certificates to pay employes of the road whose claims matured before the receiver was appointed.     (High on Receivers, §§ 1–11; Bispham's Prin. of Eq., § 576; Jones on Railroads, §§ 458, 533; *Gardner* v. *Lon., Chat. & Do. R. R. Co.*, 2 Ch. App. 201; *Davis* v. *Gray*, 16 Wall. 203; *Denniston* v. *C. A. & St. L. R. R. Co.*, 4 Biss. 414; *Gal. R. R. Co.* v. *Cowdrey*, 11 Wall. 482; *Meyer* v. *Johnson*, 53 Ala. 237; 9 Am. Ry. Cas. 454; *Duncan* v. *Mobile & O. R. R. Co.*, 2 Woods, 542; *Wallis* v. *Loomis*, 97 U. S. 162; *Turner* v. *I. B. & W. R. R. Co.*, 8 Biss. 315; *Douglass* v. *Cline*, 12 Bush, 608; 18 Am. Ry. Cas. 273; *Fosdick* v. *Schall*, 99 U. S. 235; *Union Trust Co.* v. *Souther*, 107 id. 592; *Burnham* v. *Bowen*, 111 id. 776; *Coe* v. *N. J. Mid. R. R. Co.*, 31 N. J. Eq. 105; *Tomney* v. *Spartenburg & Ashville R. R. Co.*, 4 Hughes, 640; *Turner* v. *Peoria & S. R. R. Co.*, 95 Ill. 134; 1 Am. & Eng. R. R. Cases, 348, 353, 357; *Kelly* v. *Receiver of G. Bay & Minn. R. R. Co.*, 10 Biss. 151; 5 Fed. Rep'r, 846; *Calhoun* v. *St. L. & W. R. R. Co.*, 9 Biss. 330; *Miltenberger* v. *Logansport R. Co.*, 106 U. S. 286; *Ellis* v. *B. H. & E. R. Co.*, 107 Mass. 28; *Brown* v. *N. Y. & E. R. R. Co.*, 19 How. Pr. 84; *Coe* v. *C. P. & I. R. R. Co.*, 10 Ohio St. 372; *Gurney* v. *A. & G. W. R. Co.*, 58 N. Y. 358; High on Receivers, §§ 379, 391; *U. S. Trust Co.* v. *N. Y., L. S. & W. R. R. Co.*, 25 Fed. Rep'r, 803.)

*Edward C. Randall* for respondents.    The rules of law applicable to mortgages on land do not apply to mortgages on railroads.    (*Duncan* v. *Trustees, etc.*, 9 Am. Ry. Cas. 386.)    It is the duty of the court to operate, manage and preserve the trust fund, when, upon application of the bondholders, it assumes control, and to do any and all things requisite and necessary to insure such preservation, and for that purpose the court may authorize the issue of certificates, which shall constitute a lien upon the property prior to the mortgages. · (Jones on Railroads, §§ 530–550; *Meyer* v. *Johnson*, 53 Ala. 237; *Brown* v. *N. Y., L. E. & W. R. R. Co.*, 19 How. Pr. 84; *Wallace* v. *Loomis*,

97 U. S. 162; *Duncan* v. *Trust. of Chesapeake R.R. Co.*, 9 Am. Ry. Cas. 386; *Douglass* v. *Clein*, 12 Bush, 608; *Skiddy* v. *R. R. Co.*, 3 Hughes [U. S. C. Ct.], 320; *Atkins* v. *R. R. Co.*, id. 307; *Hale* v. *Frost*, 99 U. S. 258; *Dexterville Manuf. Co.* v. *Case*, 4 Fed. Rep'r, 837; *Calhoun* v. *St. L., etc., R. R. Co.*, 14 id. 9; *Blythe* v. *Lewis*, 75 Va. 701; *Williams* v. *Washington City R. R. Co.*, 33 Gratt. [Va.] 624.) The mortgage bondholders have received the benefit of this labor in betterments placed upon their property, in the increased value of the property, and its franchises. The employes' equities are superior to the mortgagees', and as such are entitled to compensation. (*Miltenberger* v. *R. R. Co.*, 106 U. S. 288; Jones on Railroads, §§ 534–8.)

DANFORTH, J. The appeal in this case is by the plaintiff and by the Farmers' Loan and Trust Company, one of the defendants, from so much of an order of the Supreme Court as authorizes Spencer, as receiver of the property, real and personal, easement, rolling stock and equipment, leases, franchises and all other rights and property whatsoever of the defendant, the Tonawanda Valley and Cuba Railroad Company, covered by the mortgage or deed of trust dated September 1, 1881, referred to in the complaint in this action, to pay, or issue his certificates of indebtedness for the payment of the following items and amounts, namely, $8,400.21 to the employes and servants of the railroad aforesaid, for labor and services in operating it prior to said receiver's appointment and subsequently to September 1, 1884; and also $3,000 for deficiencies for supplies, and makes the certificates when issued a lien and charge on all the property of the defendant's railroad company, prior to the lien of the several mortgages or deeds of trust upon said railroad, or upon any part thereof.

Notwithstanding the argument of the respondents' counsel, we are unable to discover any principle upon which the claims of the employes for labor performed before the appointment of the receiver can be so extended as to diminish, or impair, or postpone the lien of the mortgage, for the enforcement of

which the action was brought, or the lien of the mortgage set up by the Farmers' Loan and Trust Company. Both are prior in point of time to the respondents' claims, and we are referred to no statute which displaces them.

The legislature has given the laborer a remedy in certain cases, against the stockholders of a corporation, upon default of the corporation to meet its obligations (Laws of 1850, chap. 140, § 10 ; Laws of 1854, chap. 282, § 16), but the decree in this case goes much further and requires their payment out of the property of other creditors. The argument in its support is that the value of the mortgage lien has been enhanced by the labor of the workman. It is easy to see that under such a plea the lienor might be entirely defeated, and the foreclosure of his mortgage rendered inoperative and useless. Such a result, except upon his consent, the courts have no power to sanction. It is going a great ways in that direction to permit, as it is true courts sometimes have permitted, a receiver of an insolvent railroad corporation to pay for materials and labor procured by him after his appointment, necessary to the running of the road it may be, but not to the winding up of the affairs of the corporation. The propriety of that practice we are not called upon to review, but notwithstanding the research of the respondents' counsel, no case has been cited where an unsecured creditor, however meritorious the consideration of his claim, has been given priority over a lien contracted for and in force when his debt was created. When, as in this case, the plaintiff procures the appointment of a receiver, with power to control and operate the mortgaged railroad, he cannot well object to the depreciation of his security by expenses incurred for these purposes, but he may properly seek to have excluded any previous ones. Here the claimants are mere general creditors, with no special equities in their favor against prior creditors, nor have they any equitable lien upon any fund in court. If there were any who occupied a different position, their rights are fully protected as against the plaintiff by the order appointing the receiver, who was directed to pay all the debts and balances due to the laborers

theretofore employed by the defendant railroad company, for labor or services done, or due for supplies furnished in the operation of the railroad, and for which they have a lien. A different relation is established by the act of 1885 (Chap. 376), which requires a receiver of such a corporation to pay the wages of its employes and laborers in preference to other debts or claims, but that statute was not in force when the proceedings now under review were had, and, therefore, even if applicable to a receiver in a foreclosure case, cannot be invoked to sustain the order appealed from. Here the appellants have the prior lien by mortgage, and, upon general principles from which the circumstances of this case require no departure, are entitled to a preference. (*Vatable* v. *N. Y., Lake Erie & West. R. R. Co.*, 96 N. Y. 49.)

As to the other item, viz.: deficiencies for supplies. If the appeal stood alone upon the notice of the plaintiff, it might be, that under the order appointing the receiver it should be allowed to stand. That order directs him in effect to maintain, and keep in repair, and operate the railroad, and to pay the necessary expenses of so doing. It was made on plaintiff's request, and plaintiff must abide by it. But with the other appellant it is different. The Farmers' Loan and Trust Company was not a party to the application for a receiver, and is not found to have acquiesced in it. The finding of the referee is that, "The receiver, as such, while operating the road has incurred obligations to the amount of $4,742 for supplies delivered for the use, and operating the road, consisting of coal, oil, hardware, repairs done by the Erie Railroad Company at their shops, freight and ticket balances, etc., a statement of which appears in Exhibit 'J,' attached to the petition in this proceeding, and is under the head of 'Accounts payable April 1st, 1885.' This the receiver calls his deficiency account, and it does appear that he has no funds out of which to realize the money to pay this account, or any portion of the same."

We find no exhibit J in the case, but under "accounts payable April 1, 1885," a statement of names of creditors and amounts, but no statement of the consideration or cause of in-

debtedness, and nothing therein or in the finding of the referee to show that the debts or obligations were necessarily incurred. No brief has been submitted for the receiver or other party in support of this last item, and we discover no ground on which it can stand.

We think, therefore, so far as appealed from, the order of the General and Special Terms should be reversed, and the petition of the receiver in respect to the items embraced in the appeal denied, with costs to the appellants to be paid by the receiver as such, and not individually.

All concur.

Order reversed.