HENRY F. GILLIG, Plaintiff-Respondent, v. GEORGE C. TREADWELL COMPANY, Defendant.

HUGH J. GRANT, as Receiver of THE ST. NICHOLAS BANK, Plaintiff-Appellant, v. SAME, Defendant.

1. RESTITUTION — CODE CIV. PRO. § 1323. When a sheriff, acting upon his own responsibility, has paid over the proceeds of a sale of attached property of a common debtor to a junior attachment creditor before satisfying the judgment of a senior attachment creditor, the court cannot, under the provisions of the Code of Civil Procedure concerning restitution (§ 1323), summarily restore, upon motion, such proceeds to the senior attachment creditor, on the reversal of an order refusing to direct the sheriff to sell the attached property and apply the proceeds upon the judgment of the senior attachment creditor.

2. APPLICATION FOR MONEYS IN HANDS OF RECEIVER OF CORPORATION. A motion by a senior attachment judgment creditor, addressed to the equity power of the Supreme Court as independent of the provisions of the Code concerning restitution, for an order compelling a junior attachment creditor, as receiver of a corporation, appointed in an action for dis-

solution, to restore, for application upon the senior attachment creditor's judgment, the proceeds of a sale of attached property of their common debtor, paid over by the sheriff to the junior attachment creditor, as such receiver, should be made, on notice to the attorney-general, in the action in which the receiver was appointed, and in the judicial district in which that action is pending.

*Gillig* v. *Treadwell Co.*, 9 App. Div. 624, reversed.

(Argued January 18, 1897; decided February 2, 1897.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered October 2, 1896, which modified and, as modified, affirmed an order of Special Term granting a motion for restitution made by the plaintiff Gillig to compel the plaintiff Grant to pay back the proceeds of a sheriff's execution sale.

The facts, so far as material, are stated in the opinion.

*John M. Bowers* and *Latham G. Reed* for appellant. Restitution under the Code is the restoration only of property or rights which have been lost by the judgment or order, which has been reversed. (*Murray* v. *Berdell*, 98 N. Y. 483; *Patrick* v. *Metcalf*, 37 N. Y. 334; *Butterworth* v. *Gould*, 41 N. Y. 450; *Cohen* v. *Hershfield*, 9 N. Y. Supp. 512; *Peckham* v. *Van Wagenen*, 83 N. Y. 43; *Decker* v. *Saltzman*, 59 N. Y. 278; *Rowe* v. *Bank of Auburn*, 51 N. Y. 674.) The motion for restitution should have been made at the Appellate Division and not at Special Term. (Code Civ. Pro. § 1323; *Carlson* v. *Winterson*, 146 N. Y. 345; Const. of N. Y. art. 6, § 2.) It was error to charge the receiver with interest, at any rate, beyond that actually earned and received, and the modification by the Appellate Division in that regard was not sufficient. (*In re Trustees of N. Y. & B. B.*, 137 N. Y. 95; *Leach* v. *Vining*, 18 N. Y. Supp. 822; *P. N. Bank* v. *Bayne*, 140 N. Y. 321.) The order is appealable to this court. (Code Civ. Pro. §§ 3333, 3334, 3343.) Assuming that the application below was a summary motion against the appellant, as receiver, it was improper to make it outside of the first department. (*People* v. *A. L. & T. Co.*,

70

150 N. Y. 117; Code Civ. Pro. § 769; L. 1883, ch. 378, § 9; *Attrill* v. *R. B. I. Co.*, 25 Hun, 376; *Rinn* v. *A. F. Ins. Co.*, 59 N. Y. 143.) The order cannot stand, as the receiver has no power to pay out any money without notice to the attorney-general, of which there is no proof. (L. 1883, ch. 378, § 8.)

*Robert G. Scherer* and *J. Murray Downs* for respondent. The order is not appealable. (*McCoun* v. *N. Y. C. & H. R. R. R. Co.*, 50 N. Y. 176; *Whitney* v. *Townsend*, 67 N. Y. 43; *Arthur* v. *Griswold*, 60 N. Y. 143; *Holloway* v. *Stephens*, 58 N. Y. 670; *Gillig* v. *Treadwell Co.*, 148 N. Y. 177; *Haebler* v. *Myers*, 132 N. Y. 363; *Wright* v. *Nostrand*, 100 N. Y. 616; *Platt* v. *Withington*, 25 Abb. [N. C.] 103; *N. Y. & W. U. T. Co.* v. *Jewett*, 115 N. Y. 168; *Genet* v. *D. & H. C. Co.*, 47 N. Y. S. R. 291.) It was not necessary to give notice of the application to the attorney-general. (*Whitney* v. *N. Y. & A. R. R. Co.*, 32 Hun, 164; *P. N. Bank* v. *Bayne*, 140 N. Y. 321, 329.) The application was properly made in the third judicial district. (*Phillips* v. *Wheeler*, 67 N. Y. 104.)

HAIGHT, J. On the 9th day of January, 1894, the plaintiff in the first action procured a warrant of attachment to be issued and delivered to the sheriff of Albany county, who made a levy thereon upon the property of the defendant. The next day the plaintiff, Grant, in the second action also procured an attachment to be issued and delivered to the sheriff of the same county, who also levied that attachment upon the goods of the defendant. Gillig obtained judgment in the first action on the 5th day of January, 1895, and issued execution thereon to the same sheriff. Under it certain of the property attached was sold and the proceeds paid over to him, but not sufficient to satisfy his judgment. Gillig thereupon moved at Special Term for an order requiring the sheriff to sell other of the property of the defendant held by him under the Grant attachment sufficient to satisfy the amount remaining unpaid upon his judgment. This motion

was denied, the General Term affirmed, but the order was reversed in this court and the motion granted. (148 N. Y. 177.) In the meantime, the sheriff had sold the goods held by him under the attachment of Grant in his action and paid over to him the proceeds amounting to the sum of $3,685.49. The venue of both of the above actions is laid in the city of New York. This motion was for the purpose of compelling restitution. The order entered requires Grant, as receiver, to pay over the amount received by him to the sheriff, and the sheriff to pay the same over to Gillig. We think the order cannot be sustained.

Section 1323 of the Code of Civil Procedure provides that, "Where a final judgment or order is reversed or modified, upon appeal, the appellate court, or the General Term of the same court, as the case may be, may make or compel restitution of property or of a right, lost by means of the erroneous judgment or order; but not so as to affect the title of a purchaser, in good faith and for value." Under this provision it has been held that the court has power to restore, in a summary manner, property or rights which have been lost by the judgment which it has reversed. It is thus enabled to make its reversal effectual and undo what has been done under an erroneous judgment without the institution of a new action, but it cannot interfere in this summary manner to restore property which has been taken and sold under other judgments, even though the effect of the reversal is to decide that the property was taken from the party legally entitled to it. (*Murray* v. *Berdell*, 98 N. Y. 480–483.) The payment that was made by the sheriff to Grant was not by reason of or pursuant to any order of the court which has been reversed. The order reversed merely refused to direct the sheriff to sell the goods and pay over to Gillig. Gillig, as the first attaching creditor, had the right to have the goods attached in the hands of the sheriff sold and applied in satisfaction of his execution, and the payment by the sheriff of the money derived from such sale over to Grant before satisfying Gillig's claim was a violation of his duty as sheriff and unauthorized. Had it been

done under an order or judgment subsequently reversed restitution could have been ordered, but the payment having been made upon his own responsibility, the court, under the provisions of the Code, cannot, upon motion, summarily restore.

It is now urged that, independent of the provisions of the Code providing for restitution, a court of equity has power to require the receiver to pay over the money, and that Grant is liable to Gillig as for moneys had and received, under the authority of *Huebler* v. *Myers* (132 N. Y. 363). Possibly this is so, but in order to procure such an order Gillig should have petitioned in the action in which Grant was appointed receiver, upon notice to the attorney-general and in the district in which that action is pending. The Laws of 1883, chapter 378, section 8, provide, that "A copy of all motions and all motion papers, and a copy of any other application to the court, together with a copy of the order or judgment to be proposed thereon to the court in every action or proceeding now pending for the dissolution of a corporation or *a distribution of its assets*, or which will hereafter be commenced for such purpose, shall in all cases be served on the attorney-general in the same manner as provided by law for the service of papers on attorneys who have appeared in actions." Section 9 provides that "All applications to the court contemplated by this act shall be made in the judicial district where the principal office of the insolvent corporation was located." Section 769 of the Code provides that "A motion, upon notice, in an action in the Supreme Court, must be made within the judicial district in which the action is triable, or in a county adjoining that in which it is triable; except that when it is triable in the first judicial district, the motion must be made in that district." The order in this case was made in the third district; the venue in all of these actions was in the first district. It appears from the order entered, that a preliminary objection was made to the jurisdiction of the court to hear the motion and that it was overruled. For the reasons stated, the order was irregular and cannot be sustained.

The respondent, in his brief, first takes the position that the order is not appealable, but subsequently he admits that his application was a special proceeding. If a special proceeding, it was a final order therein, and is appealable under the express provisions of section 190 of the Code. Under the concessions made, we have not thought it necessary to further consider or discuss the question of the appealability of the order.

The order, in so far as it affects the rights of Grant, as receiver, should be reversed, with costs, but without prejudice to a renewal if counsel shall so advise.

ANDREWS, Ch. J., GRAY, BARTLETT and MARTIN, JJ., concur; O'BRIEN and VANN, JJ., dissent in favor of dismissal. Order reversed.