MERCANTILE TRUST CO. v. KINGS COUNTY EL. RY. CO. et al. ·

In re LOVELL et al.

(Supreme Court, Appellate Division, Second Department. April 25, 1899.)

STREET RAILROADS—RECEIVERS—CLAIMS.

A debt incurred for supplies furnished an elevated railway company prior to the appointment of a temporary receiver, in an action to foreclose a mortgage on its property, under Code Civ. Proc. § 1788, is not a preferred claim, and the receiver will not be ordered to pay it.

Appeal from special term, Kings county.

Petition by F. H. Lovell & Co. for an order directing the receiver of the Kings County Elevated Railway Company, appointed in a suit against it by the Mercantile Trust Company, to pay a claim for materials and supplies. From an order denying their petition, they appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

T. Ellett Hodgskin, for appellant.
Charles C. Deming, for respondent Mercantile Trust Co.
David Parry (Charles L. Kingsley, on the brief), for respondent receiver.

PER CURIAM. In August, 1896, an action was brought by creditors and others, as plaintiffs, against the Kings County Elevated Railway Company, and James Jourdan was appointed receiver of the defendant's property. Subsequently, Mr. Jourdan resigned, and James H. Frothingham was appointed receiver in his place of the property of the defendant company covered by the mortgage made by the Mercantile Trust Company, as trustee, in a suit brought by the trustee to foreclose the mortgage bearing date the 1st day of July, 1885. Prior to the commencement of this action, the petitioners had furnished to the defendant company supplies to the value of $85.27, and in November, 1898, the petitioners asked the court for an order making their claim a lien upon the assets in the hands of the receiver, and directing the immediate payment of the same. The matter was argued at a special term of the supreme court, and, from the order denying the prayer of the petitioners, appeal comes to this court.

The defendant receiver is a mere temporary receiver, having the powers and duties prescribed by section 1788 of the Code of Civil Procedure. As the court say in the case of Decker v. Gardner, 124 N. Y. 334, 338, 26 N. E. 815:

"This particular jurisdiction has been extended to, and is frequently exercised upon, the foreclosure of mortgages upon railroads, and receivers of such property are charged with the duty of the operation of the road pending the foreclosure suit, to the end that the value of the property, which necessarily depends largely upon the continuance of its business, may not be depreciated, and also to the end that its income may not be diverted to the payment and satisfaction of debts which are not liens upon the property. * * * They do not represent the corporation in its individual or personal character, nor supersede it in the exercise of its corporate powers, except so far as the mortgaged property is concerned."

There is nothing in the order appointing the receiver which authorizes him to pay any of the debts of the corporation, and, as is aptly said in the case of Franklin Trust Co. v. Northern Adirondack R. Co., 11 App. Div. 249, 257, 42 N. Y. Supp. 216: "Even though he is, for the purpose of such preservation, required to continue its operation, he is not thereby invested with any power or duty to ascertain who are its creditors and to provide for their payment." The case of Metropolitan Trust Co. v. Tonawanda Valley & C. R. Co., 103 N. Y. 245, 8 N. E. 488, seems to be an authority for the conclusion reached by the court below. A different question would be presented if it appeared that the payment of this claim was essential to enable the receiver to continue the operation of the road, as might be the case if it were a claim for wages of persons now in the employ of the receiver, or for other necessary current expenses, which might bring it within the principle laid down in Farmers' Loan & Trust Co. v. Bankers' & Merchants' Tel. Co., 148 N. Y. 315, 42 N. E. 707. See, also, Guarantee Trust & Safe-Deposit Co. v. Philadelphia, R. & N. E. R. Co., 31 App. Div. 511, 52 N. Y. Supp. 116.

We conclude that the order appealed from should be affirmed, with costs.