Under Laws 1883, p. 559, c. 378, § 8, providing that a copy of all motions and of any other application, together with a copy of the order proposed in any proceeding for the dissolution of a corporation, shall be served on the Attorney General, and no order granted shall vary from the relief specified in the copy of such order, unless the Attorney General appears, etc., the Attorney General, though he may waive service of the papers before the hearing of the motion, has no authority to validate an order by subsequently appearing, and admitting due service, and signing waivers antedating the order.

Appeal from Special Term.

In the matter of the application for the voluntary dissolution of the E. R. Strong Company. From an order denying a motion to vacate an order requiring all persons interested to show cause, before a referee named, why the corporation should not be dissolved, on the ground of the failure to give to the Attorney General notice of the application for the order, the party aggrieved appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Paul Armitage, for appellant.
Hugo Hirsh, for respondent.

RICH, J. Section 8, c. 378, p. 559, of the Laws of 1883, provides that:

"A copy of all motions and all motion papers, and a copy of any other application to the court, together with a copy of the order or judgment to be proposed thereon to the court, in every action or proceeding now pending for the dissolution of a corporation or a distribution of its assets, or which shall hereafter be commenced for such purpose, shall, in all cases, be served on the

Attorney General, in the same manner as provided by law for the service of papers on attorneys who have appeared in actions, whether the applications but for this law would be ex parte or upon notice, and no order or judgment granted shall vary in any material respect from the relief specified in such copy or order, unless the Attorney General shall appear on the return day and have been heard in relation thereto; and any order or judgment granted in any action or proceeding aforesaid, without such service of such papers upon the Attorney General, shall be void. * * *"

In discussing the section under consideration in People v. Seneca Lake Grape & Wine Co., 52 Hun, 174, 180, 5 N. Y. Supp. 136, 139, Justice Barker said:

"The purpose of the statute is to require notice to be given to the Attorney General of the time and place when the petition will be presented to the court, that he may be present and be heard upon the initiatory application, as well as all the other proceedings to be had in the matter, and, unless service of such notice is waived, the court has no jurisdiction to entertain the proceeding, and, as the statute has declared, the order is void."

No notice of the application for the show-cause order, or of any of the subsequent proceedings, was given to the Attorney General. It appears, however, that subsequent to the entry of the show-cause order, and after the motion was made in this proceeding, the Attorney General admitted due and timely service of the notice of motion and signed waivers antedating the order. The date is unimportant. The question is: Had the Attorney General the power to validate the proceeding? It is undoubtedly true that he might have conferred jurisdiction by waiving service of the papers before the motion was brought on for hearing; but this was not done, and I am of the opinion that he was without authority to validate the order by appearing after it had been made, and that the court was without jurisdiction to entertain the proceeding, and that the order made therein and proceedings thereunder were void. The order was binding upon no one, it was an absolute nullity, and there is no power in the Attorney General to validate it.

The order must be reversed, with $10 costs and disbursements, and motion granted. All concur.

---

### In re E. R. STRONG CO.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

Appeal from Special Term.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

