Y. 384; People v. O'Brien, 111 N. Y. 56, 18 N. E. 692, 2 L. R. A. 255, 7 Am. St. Rep. 684; Marstallar v. Mills, 143 N. Y. 398, 38 N. E. 370."

I think the complaint states a cause of action, and that the judgment sustaining the demurrer thereto was wrong, and should be reversed, with costs to the appellant, and the demurrer overruled, with costs, with leave to the respondent, on payment thereof, and within 20 days, to withdraw the demurrer and plead over.

PATTERSON, P. J., concurs.

---

KNICKERBOCKER TRUST CO. v. TARRYTOWN, W. P. & M. RY. CO. et al.

(Supreme Court, Appellate Division, Second Department. June 18, 1909.)

1. RAILROADS (§ 206*)—DISSOLUTION—TEMPORARY RECEIVER.

On a petition to dissolve a railroad corporation, an order to show cause was without jurisdiction, because not served on the Attorney General, as required by Laws 1883, p. 559, c. 378, § 8, providing that a copy of the petition, motions, and all motion papers, and a copy of any other application to the court, must be served on the Attorney General, and that otherwise any order or judgment based thereon shall be void. Thereafter the court made an order to show cause for the appointment of a temporary receiver, which order, with the necessary accompanying papers, was served on the Attorney General. Code Civ. Proc. § 2423, provides that, if it shall be made to appear to the satisfaction of the court that a corporation is insolvent, the court may at any stage of the proceedings appoint a temporary receiver. Held, that the void order to show cause why the corporation should not be dissolved did not affect the validity of an order appointing the receiver on return of the order to show cause therefor.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 206.*]

2. RECEIVERS (§ 118*)—RECEIVERS' CERTIFICATES—EFFECT OF TEMPORARY RECEIVER.

Where the order appointing a railroad receiver in a railroad dissolution proceeding is valid, a subsequent order authorizing the issuance of a certificate of indebtedness which is not appealed from cannot be collaterally attacked in a subsequent mortgage foreclosure proceeding as the question is res adjudicata; hence the mortgage receiver could issue certificates to pay such indebtedness created by the temporary receiver.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 118.*]

3. RECEIVERS (§ 120*)—RECEIVERS' CERTIFICATES—UNSECURED CLAIMS—RAILROADS.

The receiver of a railroad appointed in a mortgage foreclosure suit may not issue receiver's certificates to pay unsecured claims accruing prior to the appointment of the receiver without the consent of the bondholders.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 208; Dec. Dig. § 120.*]

4. RECEIVERS (§ 120*)—RECEIVERS' CERTIFICATES—UNSECURED CLAIMS—EFFECT OF TEMPORARY RECEIVER.

That a railroad company is in the hands of a temporary receiver, when a receiver for the railroad company is appointed in mortgage foreclosure proceedings, the same person being appointed does not affect the rule that a receiver in mortgage foreclosure proceedings may not issue cer-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tificates of indebtedness to pay unsecured claims without the consent of the bondholders.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 208; Dec. Dig. § 120.*]

5. RECEIVERS (§ 121*)—RECEIVERS' CERTIFICATES—NOTICE—RAILROADS.

The issue of receivers' certificates in railroad and other quasi public receiverships, the amount thus raised to have priority over other liens against the property, should only be granted after notice to lienholders, and a full hearing and investigation on the merits.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 209; Dec. Dig. § 121.*]

Appeal from Special Term, Westchester County.

Suit by the Knickerbocker Trust Company against the Tarrytown, White Plains & Mamaroneck Railway Company and others to foreclose a mortgage. From an order authorizing an issuance of receiver's certificates, complainant appeals. Modified.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

Charles H. Tuttle (Joseph S. Auerbach, on the brief), for appellant.
Arthur M. Johnson, for respondents.

BURR, J. This action is brought for the foreclosure of a mortgage upon the property and franchises of the defendant railroad company. On the 13th day of January, 1909, J. Addison Young was appointed as receiver in this action. On the 18th day of February, upon his petition, he was authorized to issue certificates amounting to the sum of $50,000, which should be a lien upon the rights, franchises, property, and assets of the said railroad company prior to the lien of the plaintiff's mortgage, and which, in the event of a sale, should be first paid out of the proceeds thereof. By said order the sum of $7,500 was to be used to meet a probable deficiency in the operating expenses of the road by the receiver appointed in this action, and $5,500 was to be used for the expense of bricking switches on a part of the roadbed. Although the appeal was taken from the entire order, by stipulation entered on the record no objection is made to so much of the order as directs the issuing of certificates for these purposes. The residue of the proceeds of the sale of said certificates was to be used, first, to discharge various claims against the temporary receiver of the defendant railroad company, who was appointed on January 21, 1908, in proceedings for the voluntary dissolution of the company; and, second, to redeem outstanding certificates now due and payable, issued by such temporary receiver under an order made in the dissolution proceedings. The power of the court in this regard and the propriety of its exercise are the questions to be here decided.

We shall first consider the attack upon so much of the order as directs that certificates be issued to redeem the certificates issued by the temporary receiver. In connection with that, it seems necessary to consider and dispose of one other question which has been raised upon this appeal, namely: Was the appointment of the temporary receiver in the dissolution proceedings absolutely void for jurisdictional

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defects? If not, then the indebtedness arising upon the certificates issued by him may be considered as a single item. If it was, then it may be necessary to consider the various items of alleged indebtedness which go to make up the sum for which they were issued in the same manner as if the defendant railroad had been operated by its officers and directors up to the date when the receiver in this action was appointed. On the 16th day of January, 1908, a majority of the directors of the defendant railroad united in a petition for its dissolution, under section 2149 of the Code of Civil Procedure, upon the ground of its insolvency, and on the 17th day of January an order was obtained requiring all persons interested to show cause on the 16th day of March, 1908, before a referee named in the said order, why such dissolution should not be had, which order to show cause provided for the service of a copy thereof both personally and by publication. No notice of the presentation of the petition and schedules, nor of the application for such order to show cause, nor any copy of the motion papers, nor of such proposed order, was served upon the Attorney General. The statute not only required this to be done, but in express terms provided that, in default thereof, any order or judgment based upon such papers granted in any action or proceeding to dissolve a corporation should be void. Laws 1883, p. 559, c. 378, § 8. The proceedings here attempted to be taken were purely statutory, and a violation of express requirements of the statute in connection with the institution and maintenance of such proceedings are jurisdictional in character. Matter of Strong Co., 128 App. Div. 208, 112 N. Y. Supp. 557; Matter of Dolgeville El. L. & P. Co., 160 N. Y. 500, 55 N. E. 287; Matter of Simonds Mfg. Co., 39 App. Div. 576, 57 N. Y. Supp. 776; Whitney v. New York & Atlantic R. R. Co., 32 Hun, 164. The order to show cause being void, all proceedings had under it were without jurisdiction and also void. On the 17th day of January, 1908, upon the petition above referred to, the court also granted an order to show cause why a temporary receiver should not be appointed returnable before it on the 21st day of January. This order and the necessary papers accompanying it seem to have been served upon the Attorney General as required by the statute, and upon the return day of the said order J. Addison Young, the same person who has been appointed receiver in this action, was appointed as such temporary receiver, and qualified by giving the bond referred to in the said order. The statute provides that, if it shall be made to appear to the satisfaction of the court that a corporation is insolvent, the court may at any stage of the proceedings before the final order appoint a temporary receiver of the property of the corporation. Code Civ. Proc. § 2423. The petition was before the court. It contained some evidence of the insolvency of the corporation. It was for the court to say whether such evidence was satisfactory. The filing of the petition was the commencement of the proceedings. If in proper form, it gave the court jurisdiction to entertain all subsequent proceedings which were conducted in accordance with statutory requirements. Matter of Simonds Mfg. Co., supra. There is nothing in the statute which in express words requires that the granting of a valid order to show cause why the corporation should

not be dissolved should precede the granting of an order appointing a temporary receiver. It is the common practice to grant such an order at the same time that the order to show cause for dissolution is granted, or immediately thereafter, and before the service thereof. The statute does not prescribe how soon after the filing of the petition this latter order must be granted. So that, even though the order to show cause for dissolution was void and no proceedings could be taken under it effecting such dissolution, it seems to us that the order appointing the temporary receiver was perfectly valid. It is unnecessary, therefore, for us now to consider the effect of the attempt to cure the jurisdictional defects in the order to show cause by subsequent orders in the proceeding. Subsequently to his appointment, and on June 20, 1908, on the affidavit of the temporary receiver and upon notice to the Attorney General and to the plaintiff in this action, who appeared and opposed the application, the court made an order that the temporary receiver issue his certificates not exceeding in amount the sum of $13,000, and apply the proceeds to the purchase and installation of two rotary converters and the necessary apparatus in connection therewith in the power house of the said railroad company. This order further provided that such certificates should be a prior lien to the lien of plaintiff's mortgage upon the property and assets of the railroad company. Whether the statute authorizes the issuing of certificates of indebtedness by a temporary receiver is not now before us for review. In at least two cases the existence of such a power seems to have been recognized. Rochester Trust & Safe Deposit Co. v. O., C. & R. S. R. Co., 122 App. Div. 193, 107 N. Y. Supp. 237; Townsend v. Oneonta, C. & R. S. R. Co., 88 App. Div. 208, 84 N. Y. Supp. 427. Neither may we now consider whether the circumstances warranted the issuing of such certificates. Although by reason of the failure to issue a valid order to show cause, which is in the nature of process, the court was not in a position to decree dissolution, if we are right in our conclusion that the proceedings were so far pending, and, before the court that it had jurisdiction and could appoint a temporary receiver, it could also regulate and control his action. If its orders in respect to this were erroneous, the remedy of any one who had notice of application therefor and was aggrieved thereby (and the plaintiff was in that position) was to appeal from such orders. They cannot be attacked collaterally. So far, then, as the order in this action directed that the proceeds of the sale of the certificates of the mortgage receiver be applied to the redemption of the certificates issued by the temporary receiver, it was right, for the question was res adjudicata.

The remaining items, for which, according to the affidavit of the mortgage receiver, the proceeds of the sale of certificates were to be applied, stand upon a different footing. These are bills for electric power furnished by the Westchester Lighting Company for repairs to the engine, for coal and other supplies, for costs and counsel fees to the attorney of the petitioner in the dissolution proceedings, for counsel fees to the attorney for the temporary receiver, for unliquidated claims for damages against the temporary receiver while

operating the road, for his commissions and costs upon his accounting, and for other incidental expenses.

We shall first consider the question whether if no receiver had been appointed in the dissolution proceedings, but up to the time when the mortgage receiver was appointed the road had been operated by its officers and directors, certificates could be issued to pay any existing indebtedness of the character above referred to, or of any other character, which should give the holders thereof a preferential lien. No case has been cited, nor have we been able to find any in this state, which holds that the rule has been adopted that any unsecured claims, however meritorious in character, which accrued prior to the appointment of a receiver, could be paid out of the proceeds of sale of such certificates in the absence of the consent of the bondholders. Mercantile Trust Co. v. Kings Co. El. R. Co., 40 App. Div. 141, 57 N. Y. Supp. 892; Met. Trust Co. v. T. V. & C. R. R. Co., 103 N. Y. 245, 8 N. E. 488; Farmers' L. & T. Co. v. Bank. & Mer. Tel. Co., 148 N. Y. 315, 42 N. E. 707, 31 L. R. A. 403, 51 Am. St. Rep. 690; Powers v. Jourdan, 4 N. Y. St. Rep. 839. The more liberal rule which was at one time adopted by many of the United States Circuit Courts we deem to a large extent disapproved by the more recent decisions in the federal courts. Gregg v. Met. Trust Co., 197 U. S. 183, 25 Sup. Ct. 415, 49 L. Ed. 717; Scott v. Q. A. R. R. Co., 162 Fed. 828, 89 C. C. A. 536. Does the fact that for nearly a year prior to the date of the mortgage receivership the defendant railroad had been in the possession and under the control of the temporary receiver appointed in the dissolution proceedings call for the establishment of any different rule? It seems to us not. The receiver in the foreclosure action took and held all of the property covered by and subject to the mortgage. After his appointment, the receiver in the dissolution proceedings took and held all of the other property of the company, and this is so even though the same person may be the receiver in both proceedings. Herring v. N. Y., L. E. & W. R. R. Co., 105 N. Y. 340, 12 N. E. 763. As a general rule, and in the absence of special equities, the claims against each receiver should be paid out of the property which is in such receiver's hands. Fordyce v. Omaha, K. C. & E. R. R. Co. (C. C.) 145 Fed. 544; Atlantic Trust Co. v. Dana, 128 Fed. 209, 62 C. C. A. 657. But, in any event, such order should not be made at the present time, and under the circumstances presented to the court when the order appealed from was made. The only ground upon which in any jurisdiction receivers' certificates have been authorized which should have priority of lien upon the corpus of the property over the lien of the mortgage bondholders has been either that "income which should have been appropriated to the current operating expenses has been diverted to the bondholders, or to the improvement of the corpus of the mortgaged estate," or that they were issued "for the purpose of continuing the operation of the railroad, so that the company should have the credit for its operating expenses when such credit could not be maintained were it to be subjected to the hazard of the general financial condition of the company." Guarantee Trust Co. v. P., R. & N. E. R. R. Co., 31 App. Div. 511, 52 N. Y. Supp. 116. The temporary receiver has not yet account-

ed. Until such accounting, in which all parties interested shall have an opportunity to be heard, it is impossible for the court to determine the amount of income during the period when the temporary receiver was in possession, or the application thereof. If it became apparent to him that the road was being operated at a loss, it was the duty of the said receiver to immediately report such fact to the court for its instructions. As has been well said:

"It is true that a railroad company is a corporation operating a public highway, but it does not follow that the discharge of its public (duties?) excuses it from amenability for its private obligations. If it cannot keep up and maintain its road in a suitable condition, and perform the public service for which it was endowed with its faculties and franchises, it must give way to those who can. Its bonds cannot be confiscated because it lacks self-sustaining ability." Morgan's Co. v. Texas Cent. Ry., 137 U. S. 171, 196, 11 Sup. Ct. 61, 69, 34 L. Ed. 625.

The issuing of receivers' certificates in railroad and other quasi public receiverships, the amount thus raised to have priority over other liens against the property, should only be granted after notice to lienholders, and a full hearing and investigation on the merits. 17 Ency. of Pl. & Pr. 831; Union Trust Co. v. Illinois Midland Co., 117 U. S. 456, 6 Sup. Ct. 809, 29 L. Ed. 963; Meyer v. Johnson, 53 Ala. 237; Hand v. Railroad Co., 10 S. C. 406; Ex parte Mitchell, 12 S. C. 83; Osborne v. Big Stone Gap Colliery Co., 96 Va. 58, 30 S. E. 446. Although a request was made for such investigation and examination, it was denied.

It follows that the order appealed from should be modified by reducing the amount for which receiver's certificates may be issued to the sum of $26,000, to be applied as indicated in this opinion, and, as so modified, affirmed, without costs, and without prejudice to an application, after the temporary receiver has accounted, for an order of reference to take proof and report to the court as to the existence of any other claims against the temporary receiver which the property in his hands is not sufficient to pay, and as to the propriety of issuing certificates in payment thereof which shall have priority of lien over the lien of the mortgage. All concur.