Roscos V. Elsworth, J.
On February 28, 1959 petitioner Salvatore F. Clemente obtained an order to show cause to dissolve Clemente Bros., Inc., pursuant to section 103 of article 9 *666 of the General Corporation Law. Respondents, on March 20, 1959, served show cause orders directing petitioner to show cause why his order should' not be vacated because advance notice of his application to initiate this dissolution proceeding was not given to the Attorney-General of the State of New York.
Section 137 of the General Corporation Law provides so far as pertinent: “ In every action or proceeding for the dissolution of a corporation or a distribution of its assets, a copy of all motion papers and of all applications to the court, whether ex parte or upon notice, together with a copy of the proposed order or judgment, in all cases, shall be served on the attorney-general, in the same manner as provided by law for the service of papers on attorneys who have appeared in actions. * * * An order or judgment granted in any such action or proceeding, without such service upon the attorney-general, shall be void.”
In a dissolution proceeding full and complete adherence to the statute is indispensable to give the court jurisdiction. (People v. Seneca Lake Grape & Wine Co., 52 Hun 174, affd. 126 N. Y. 631; Matter of Strong Co., 128 App. Div. 208; Gillig v. Treadwell Co., 151 N. Y. 552; Matter of Society of Justice, Inc., 201 App. Div. 851, affd. 233 N. Y. 691; Knickerbocker Trust Co. v. Tarryton, W. P. & M. Ry. Co., 133 App. Div. 285.)
No notice of the application for the order to show cause for dissolution was presented to the Attorney-General and the order is jurisdictionally defective and void.
Petitioner asserts since section 137 of the General Corporation Law is embraced in article 10 of that law, and section 103 is embraced in article 9 of that law, section 137 has no application to a section 103 dissolution. Such contention is without merit since section 137 by its express terms applies to every proceeding for corporate dissolution. Indeed, petitioner has not advanced, and there does not seem to be any, reason why a different procedure should obtain when a proceeding is initiated under section 103 rather than under some other section. The motions are granted.