J. Irwin Shapiro, J.
This proceeding is brought by the incumbent chairman of the county committee of the Republican party of Queens County for an order “ canceling, revoking, annulling and declaring null and void the alleged Certificate of Incorporation of the midland republican club, inc., allegedly filed with the Department of State of the State of New York on March 17, 1965, and directing the Secretary of State of the State of New York to cancel and annul such certificate and for a further order directing the Secretary of State of the State of New York to dissolve said corporation and for a further order prohibiting the respondents or any of them to use the word 1 Republican ’ in the name or title or designation or any group or club without the further consent of the petitioner as Chairman of the County Committee of the Republican Party of Queens County ’
There is a threshold question as to whether a proceeding of this kind — to revoke a corporate charter — may be maintained by anyone other than the Attorney-General of the State of New York (People ex rel. Vivisection Investigation League v. American Soc. for Prevention of Cruelty to Animals, 20 A D 2d 762; Matter of Kaminsky, 251 App. Div. 132; Harosym v. St. John’s Greek Catholic Church of Syracuse, 239 App. Div. 563; Buffalo & Alleghany R. R. Co. v. Cary, 26 N. Y. 75; Smith v. Havens Relief Fund Soc., 118 App. Div. 678, affd. 190 N. Y. 557) and whether in any event this proceeding is not jurisdictionally defective for failure to join the Attorney-General as a “ party to the proceeding ” (Matter of Voluntary Dissolution of Soc. of Justice, 201 App. Div. 851, affd. 233 N. Y. 691; Gillig v. Treadwell Co., 151 N. Y. 552; Knickerbocker Trust Co. v. Tarrytown, White Plains & Mamaroneck Ry. Co., 133 App. Div. 285; Matter of Strong Co., 128 App. Div. 208; People v. Seneca Lake Grape & Wine Co., 52 Hun 174, affd. 126 N. Y. 631; Matter of Clemente Bros., 32 Misc 2d 665); but I am not passing on those questions for on the merits I find no power in this court to grant the relief requested by the petitioner.
*430 The Midland Republican Club, Inc., whose charter is here sought to be annulled, was incorporated pursuant to the provisions of section 10 (last unnumbered par.) of the Membership Corporations Law which in pertinent part provides that: “If the name of the proposed corporation includes the name of a political party, the consent of the chairman of the county committee of such political party of the county in which the office of the corporation is to be located, shall be endorsed on such certificate, except in cases where the supreme court finds that the withholding of such consent of the county chairman is unreasonable.”
The certificate of incorporation was signed by the incorporators on February 8,1965. On the same day Mr. Fred W. Preller, who was then the chairman of the Republican County Committee, indorsed his consent on the proposed certificate of incorporation which on the next day, February 9, 1965 was approved by Mr. Justice Pette of this court, and it was filed in the office of the Secretary of State on March 17, 1965.
At the time Mr. Preller signed the consent to the incorporation of the Midland Republican Club, Inc., his resignation as county chairman effective February 10, 1965 had already been submitted to and accepted by the Republican County Committee.
It is the petitioner’s contention that since Mr. Preller had submitted his resignation as chairman prior to the time he signed the consent to the incorporation, and since the certificate of incorporation was not filed with the Secretary of State until March 17,1965 it should not have been accepted for filing by the Secretary of State, and that it therefore should be declared null and void.
However, at the time that Mr. Preller indorsed his consent on the certificate he was in truth and in fact the county chairman and possessed of all the perquisites of that office. His resignation, effective thereafter, could not invalidate any act theretofore validly performed by him. Clearly if the certificate of incorporation had been filed with the Secretary of State on February 9,1965, the day it was approved by Mr. Justice Pette, no charge could be leveled at its validity. When it was thus judicially approved it became to all intents and purposes a valid certificate of incorporation subject only to the completion of the ministerial act of its acceptance for filing by the Secretary of State.
To illustrate the point involved let us assume a case in which instead of the county chairman having submitted his resignation effective subsequent to the signing of a consent he indorses Ms consent on a proposed certificate of incorporation and dies on *431 the very same day. It would seem clear that under such circumstances the consent to the incorporation would have been validly given and would not be voided by the death of the county chairman subsequent thereto. The facts here are legally no different. Though Mr. Preller had submitted his resignation prior to the time that he gave his consent to the incorporation of Midland Republican Club, Inc., his resignation, by its very terms, was not to become effective until February 10. Therefore, in the absence of fraud, any acts performed by him prior to February 10, which were within the scope of his rights and duties as chairman of the county committee, were valid.
The petitioner argues that not only does section 10 (last unnumbered par.) of the Membership Corporations Law, quoted above, require the consent of the chairman of the county committee of the political party of the county in which the office of the corporation is to be located if the name of the proposed corporation includes the name of such political party but that “it also contemplates the filing of such certificate while the Chairman, of the County Committee who gave his consent is still such Chairman or at the most, within a reasonable time after such Chairman steps down from that office ’ ’ and that to permit the present certificate of incorporation ‘ ‘ to remain valid would open the door to a situation wherein an ousted and/or former County Chairman to allow [sic] the formation of organizations bearing the name of a political party after he has left or been removed from his office of County Chairman by pre-dating consents to a day or two before his term of office as County Chairman has ended ’ ’.
In this case there is no predating involved, for the signing of the certificate of incorporation by Mr. Justice Pette on February 9, 1965 conclusively establishes that Mr. Preller’s consent was affixed thereto on or before that date, and therefore necessarily before his resignation became effective on February 10, 1965. Were there here a factual question of predating, or any allegation of fraud or conspiracy, a hearing would be ordered to determine those issues, but the petitioner does not rest its rights here upon any disputed issue of fact, but upon the bald assertion that the certificate of incorporation could not be validly accepted for filing by the Secretary of State after Mr. Preller’s term of office had terminated, by resignation, even though concededly he was the chairman at the time he signed the consent to the proposed certificate.
For the reasons above stated I cannot concur in that view. Neither can I consider as a possible ground for the rescission of the corporate charter any claim of abandonment by the pro *432 posed incorporators of their original purpose to achieve incorporation predicated upon a lapse of time between the date of consent and Supreme Court approval (Feb. 8 and Feb. 9, respectively) and the date of filing with the Secretary of State, some five weeks thereafter on March 17. I hold as a matter of law that five weeks may not be considered an unreasonable length of time and that that time interval does not raise a factual issue of unreasonable delay or abandonment.
That as a “lame-duck” county chairman, whose successor had already been elected, Mr. 'Preller might in good conscience have deferred authorizing the incorporation of a group whose activities could only commence at a time when he would no longer be county chairman and whose activities as an incorporated “ Republican Club ” might reasonably be offensive to the new county chairman is self-evident, but questions of political morality or a possible violation of ethical standards are purely personal considerations which may not serve as the basis for judicial rescission of a corporate charter.
If there has been here a distortion of the purposes intended to be achieved by the statutory requirement for a county chairman’s consent to the incorporation of a group whose title “ includes the name of a political party ”, this court is powerless to correct it. If there is to be a time limitation placed on the power of an outgoing county chairman to consent to the incorporation of such groups it must be accomplished by statute and not by judicial legislation.
The motion is denied and the petition is dismissed, but under the circumstances, without costs.