(66 App. Div. 446.)

DOHN et al. v. BUFFALO AMUSEMENT CO. et al.

(Supreme Court, Appellate Division, Fourth Department. November 26, 1901.)

1. CORPORATIONS—DISSOLUTION—SERVICE OF PAPERS ON ATTORNEY GENERAL—
EFFECT OF FAILURE TO SERVE.
    Laws 1883, c. 378, § 8, requires the service of papers on the attorney general in proceedings to dissolve corporations, and declares that any order or judgment in such proceedings without such service shall be void. *Held* that an order in such a proceeding modifying an injunction restraining the further prosecution of actions against the corporation was void, whether entitled in a pending action or in the dissolution proceeding, where the motion papers and the proposed order were not served on the attorney general.

2. SAME—REVERSAL OF ORDER—COSTS.
    In a proceeding to dissolve a corporation, where an order restraining the further prosecution of actions against the corporation was reversed because of a failure to serve the moving papers on the attorney general, as required by Laws 1883, c. 378, § 8, but the question of such failure was not raised at special term, no costs of the appeal will be allowed.

Appeal from special term, Erie county.

Proceeding for the dissolution of the Buffalo Amusement Company, a domestic corporation. The order appointing the temporary receiver in the dissolution proceedings and requiring the parties interested to show cause before a referee why the corporation should not be dissolved enjoined all persons "from bringing any action against said corporation, * * * and from taking any further proceedings whatsoever in any such action heretofore commenced." At the time of the granting of the order an action was pending, commenced by the plaintiffs, Phillip Dohn and others, to recover upon a claim of $1,300 held by them against the corporation and the other defendants. The order appealed from modified the restraining part of the order in the dissolution proceedings by permitting the plaintiffs to prosecute their claim to judgment against the corporation. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Lyndon D. Wood, for appellants.
Niles C. Bartholomew, for respondents.

SPRING, J. The foundation of the present proceeding was an order to show cause providing for service of a copy of the order and papers upon which it was granted upon the receiver and attorney for the corporation. There was no direction to serve upon the attorney general, and the recitals in the final order do not show any appearance on behalf of that officer. The omission to serve the motion papers and the proposed order upon the attorney general is a fatal defect. Section 8, c. 378, Laws 1883, in prescribing the service of papers upon the attorney general in proceedings of this kind, declares that "any order or judgment granted in any action or proceeding aforesaid, without such service of such papers upon the attorney general shall be void." Full effect has been given to this section by the courts. People v. Seneca Lake Grape & Wine Co., 52 Hun, 174–180, 5 N. Y. Supp. 136; Gillig v. George C. Treadwell Co., 151 N. Y. 552, 45 N. E. 1035; Langdon v. Book Co., 14 N. Y. Supp. 308. The statute is a wholesome one, designed to insure the conservation and distribution of the assets of the defunct corporation among its creditors; and it must be stringently enforced. It would seem to be entirely proper to permit the plaintiffs to establish their claim against the corporation, as it is not included among the admitted liabilities; but any change in the order to dissolve the corporation, although apparently immaterial, must be upon notice to the attorney general. An evasion of this requirement once permitted by the courts might be used as a precedent for extending the application until the efficiency of the provision is destroyed. The counsel for the respondent seeks to escape the force of this section of the statute on the ground that the order to show cause, and also the order of modification, were entitled in the action, and not in the proceeding for the dissolution of the corporation. The order modified was the one in the latter

proceeding. If the position of the counsel is tenable, there is no difficulty in evading the effect of the statute, and, by collusion with the receiver, dissipate the property. The fact that the order was in the action may be another reason for its reversal, rather than for upholding it.

The order appealed from should be reversed, and the preliminary order to show cause dismissed, but, inasmuch as the question of the failure to serve the order to show cause and moving papers upon the attorney general was not raised at special term, so far as the record before us shows, the reversal should be without costs of this appeal. So ordered. All concur.